BARNETT, APPELLANT, *v.* WENDT, APPELLEE.

(No. 12574 — Decided July 30, 1986.)

*John Wile,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Laurel D. Blum,* for appellee.

GEORGE, J. This appeal arises under R.C. 119.12 from the common pleas court's review and affirmance of the denial of licensure by the State Board of Psychology. The board denied appellant, Robert W. Barnett, Ph.D., a license to practice psychology in the state of Ohio.

Barnett applied for Ohio licensing; and, on March 4, 1985, the board gave him a notice of its intent to determine his suitability therefor. A reason specified in the notice was that Barnett had engaged "in a personal and sexual

relationship with Jacqueline Ash, who had been terminated as [his] client on or about January 11, 1984." A hearing was held on September 21, 1985, and Ash testified to that relationship. Barnett admitted that Ash was terminated as his client and that thereafter he engaged in a sexual relationship with her. The testimony differed only as to the period of time which lapsed between the end of therapeutic treatment and the beginning of the social relationship.

R.C. 4732.17(G) provides that the board may refuse to issue a license for violation of any board rule of professional conduct.

Barnett has appealed to this court setting forth four assignments of error.

### Assignment of Error No. 1

"The lower court erred when it found that the appellant was required to follow the Ohio Psychology Law Chapter 4732, R.C. and [the] Rules Governing Psychology as a result of signing a Supervisee Registration on September 13, 1982."

Barnett attended universities both in Ohio and in Kansas. He signed an Ohio Supervisee Registration Form on September 13, 1982, wherein he agreed to follow Ohio psychology law and rules. In Kansas he began his pre-doctoral and post-doctoral internships with Psychological Associates. In that capacity he had a patient, Ash, with whom he later had a personal relationship.

The internship undertaken in Kansas was to be supervised and constituted an integral part of the requirement for eligibility for the Ohio psychology examination. The board found that Barnett had violated Ohio Adm. Code 4732-17-01(A)(2)(d) by engaging in a sexual relationship with Ash. Such violation empowered the board to deny Barnett a license, R.C. 4732.17(G), and it denied the license.

There was no showing that Barnett signed the Ohio Supervisee Registration Form without understanding it. It explicitly provided that he understood Ohio law and would abide by it. He chose to be licensed in Ohio, and it is not unreasonable to expect him to follow Ohio law. The record here further indicates that there is no conflict between Kansas and Ohio standards concerning sexual relationships with clients.

This assignment of error is overruled.

### Assignment of Error No. 2

"The lower court erred when it failed to find the laws and rules of Kansas applied to work in Kansas and not Ohio law."

Dr. Paul D. Murphy, who was employed by the University of Kansas, School of Medicine, as a resident in psychiatry, testified that even under Kansas law Barnett's conduct was unethical. The conduct in question occurred in Kansas, and evidence was offered that such conduct was not only a violation of Ohio law, but Kansas law as well. The failure of the board to find that Kansas law applied did not prejudice Barnett.

Additionally, Barnett signed an agreement to abide by Ohio law. He agreed to do so apparently intending to become licensed in Ohio. It is not an undue burden to require him to follow Ohio law in order to apply for an Ohio license.

This assignment of error is overruled.

### Assignment of Error No. 3

"The lower court failed to find that the Psychology Board's criteria for the application of Ohio Psychology Rule 4732-17-01(A)(2)(d) is unconstitutionally vague."

Barnett next argues that the term "immediate ex-clients" is unconstitutionally vague. The testimony of Ash indicated that the sexual relationship between her and Barnett occurred two weeks after the professional relationship ended. Barnett, on the other hand, puts the date some three or four weeks after the professional relationship ended.

The board observed the demeanor of the witnesses and had the opportunity to determine the credibility of each. Assuming, for the sake of argument, that the longer period was accepted by the board, that fact, along with the testimony that Ash and Barnett had discussed her attractiveness while she was still in therapy and that Barnett could not date her so long as she was a client, are also telling. The board's finding that such conduct was violative of the prohibition of having a sexual relationship with an "immediate" ex-client is not unreasonable. See *Arlen* v. *State* (1980), 61 Ohio St. 2d 168, 15 O.O. 3d 190, 399 N.E. 2d 1251; *Sterling Drug, Inc.* v. *Wickham* (1980), 63 Ohio St. 2d 16, 17 O.O. 3d 10, 406 N.E. 2d 1363; and *State, ex rel. Curry,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 268, 12 O.O. 3d 271, 389 N.E. 2d 1126.

The third assignment of error is overruled.

### Assignment of Error No. 4

"The lower court erred when it found that the refusal to license the appellant is supported by reliable, probative and substantial evidence upon the record."

The trial court found that Barnett had violated Ohio Adm. Code 4732-17-01(A)(2)(d) by engaging in a sexual relationship with an immediate ex-client. Further, the trial court found that the board's order was supported by reliable, probative and substantial evidence. The record here supports that finding.

The board found that Barnett had engaged in a personal and sexual relationship with an individual who had been terminated as his client on January 11, 1984. Such conduct constituted a violation of R.C. 4732.17(G), as well as the rule of professional conduct, which reads:

"A psychologist * * * should avoid dual relationships with clients * * *. A psychologist * * * shall not engage in sexual relationships with clients or immediate ex-clients. Neither shall he terminate a · therapeutic relationship with a client for the express or implied purpose of having a sexual relationship with that person. * * *" Ohio Adm. Code 4732-17-01(A)(2)(d).

The board found a violation. The trial court affirmed the board's decision to deny a license to Barnett, based upon a violation of R.C. 4732.17(G), finding that the board's decision was supported by the record. This court finds the record supports the trial court's affirmance of the denial of a license to Barnett.

This assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.