___ _'_ __!  !! _?_) _ ___ ____ _____  :
<_____
_____"___M_K_L_Y_Z_F_A_____T_L_P_L
_U_?_W_Y_X_____
OPINIONS OF THE SUPREME COURT OF OHIO

The full text of the opinions of the Supreme Court of Ohio are being electronically transmitted beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. (614) 466-4961; in Ohio 1-800-826-9010.

Corrections may be made to the full texts of the opinions after they have been released to the public electronically.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final version of these opinions.

Leon, Appellant, v. Ohio Board of Psychology, Appellee.

[Cite as Leon v. Ohio Bd. of Psychology (1992), Ohio St. 3d .]

Psychologists -- Former Ohio Adm. Code 4732-17-01(A)(2)(d), prohibiting psychologist from engaging in a sexual relationship with an immediate ex-client, is not unconstitutionally vague.

Former Ohio Adm. Code 4732-17-01(A)(2)(d), the prohibition against a psychologist engaging in a sexual relationship with an immediate ex-client, is not so vague so as to cause a psychologist of ordinary intelligence to guess as to its meaning or application.

(No. 91-229 -- Submitted January 22, 1992 -- Decided May 27, 1992.)

Appeal from the Court of Appeals for Cuyahoga County, No. 57256.

Appellant, Julian P. Leon, was granted licensure in psychology by appellee, Ohio Board of Psychology ("board"), in 1973. On June 6, 1988, the board issued a "Notice of Opportunity for Hearing" to appellant with respect to allegations raised by a former female client, hereinafter referred to as "Client X," concerning appellant's violation of R.C. Chapter 4732 and the Ohio rules governing the professional conduct of psychologists set forth in the Ohio Administrative Code. Subsequently, a hearing before the

board was conducted on July 29 and 30, 1988 for the purposes of exploring the allegations raised by Client X.

After receiving testimony and numerous exhibits, the board made findings of facts and conclusions of law which resulted in an order dated  August 18, 1988 revoking appellant's license to practice psychology.  In its report, the board made the following findings of fact:

"Mr. Leon had a therapeutic relationship with Client X in July, 1984 through November of 1985.  Prior to the initiation of the therapeutic relationship with Client X, Mr. Leon served as her teacher and personal growth group leader.

"Beginning about June, 1983 until about July, 1984, Client X was involved in the Gestalt Institute of Cleveland's year-long Post-Graduate Training program.  Prior to the year-long program, Mr. Leon served as Client X's teacher in one or more workshops.

"During the year-long training program, Mr. Leon was involved with Client X as a personal growth group leader and as a teacher.

"In March of 1986, Mr. Leon entered into a non-professional social relationship with Client X.  Said relationship began with telephone calls, lunches and other social engagements, proceeding to a sexual relationship by June of 1986.

"Mr. Leon knew, based on his own experience with other clients, that the therapeutic relationship extends for a period of time after cessation of formal appointments and that a therapist's influence does not end on the date of the last formal appointment.

"Mr. Leon failed to recognize the influence which he had over students; failed to recognize the impact of his role as a therapist; failed to identify the condition of Client X during treatment and at the time the personal relationship began; failed to recognize the subsequent distress of Client X and did not identify clearly what 'ex-client' status was."

Upon these findings of fact, the board concluded that appellant was negligent in his practice of psychology contrary to R.C. 4732.17(E), for failing to avoid a dual relationship with a client which would impair his professional judgment. The board further found that contrary to R.C. 4732.17(G), appellant violated several rules of professional conduct, including having a sexual relationship with an "immediate ex-client" in violation of Ohio Adm. Code 4732-17-01(A)(2)(d). The board also found that appellant violated Ohio Adm. Code 4732-17-10(A)(2)(c) by exploiting the trust or dependency of a client, and that his actions amounted to a failure to recognize the boundaries of his competence in violation of Ohio Adm. Code 4732-17-01(B)(1).

Upon appeal, the court of common pleas reversed and vacated the board's order revoking appellant's license, as not being supported by reliable, probative and substantial evidence. The trial court stated that the relationship between appellant and Client X "*** was one that was initiated and pursued to a great degree by Client X herself." The court further found that "*** a significant amount of time had elapsed since the final

professional encounter between Appellant and Client X and the beginning of their social relationship."  The trial court concluded that appellant had violated neither the statutes nor the rules governing the professional conduct of psychologists.

Upon further appeal, the court of appeals reversed and remanded the cause for reinstatement of the board's revocation order.  The appellate court reasoned that the trial court merely substituted its judgment for that of the board and abused its discretion in reversing the board's revocation order.  Upon a review of the entire record, the court of appeals held that there was substantial, reliable and probative evidence to support the board's conclusion that Client X was an immediate ex-client and that appellant engaged in a dual relationship in violation of Ohio Adm. Code 4732-17-01(A)(2)(d).

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A., Sheldon Berns, Adrienne Lalak Deckman and Benjamin J. Ockner, for appellant.

Lee I. Fisher, Attorney General, and Michele Morris, for appellee.

Sweeney, J.  Appellant raises two arguments that he claims should compel a reversal of the court of appeals' reinstatement of his license revocation.  In his first argument, appellant contends that the regulation cited by the board to revoke his license to

practice psychology is unconstitutionally vague.  In his second argument, appellant argues that the court of appeals erred in applying an incorrect standard of review in reversing the judgment of the court of common pleas.

With respect to appellant's first argument, former Ohio Adm. Code 4732-17-01(A)(2)(d) provided in relevant part:

"A psychologist or school psychologist should avoid dual relationships with clients and/or relationships which might impair his professional judgment or increase the risk of client exploitation.  ***  A psychologist or school psychologist shall not engage in sexual relationships with clients or immediate ex-clients. Neither shall he terminate a therapeutic relationship with a client for the express or implied purpose of having a sexual relationship with that person. ***"  1981-1982 Ohio Monthly Record 103 (eff. Sept. 1, 1981).

It is appellant's contention that the term "immediate ex-client" is not defined by either the regulation or any other applicable authority.  Appellant submits that the vagueness of the term "immediate ex-client" is exemplified by the differing interpretations of the term rendered by the board and the court of common pleas. Appellant points out the court of common pleas' finding that the approximately seven-month hiatus between the end of appellant's therapeutic relationship with Client X and the beginning of their sexual relationship constituted a "significant amount of time." Therefore, appellant asserts that he should not

be deprived of his livelihood based on a regulation that is unconstitutionally vague and subject to differing interpretations.

In our view, the term "immediate ex-client" is not unconstitutionally vague either facially or as applied to the particular facts of this case. Simply because the term "immediate ex-client" was not temporally defined within the regulation does not make it unconstitutionally vague.1 As pointed out by the board, application of the term on a case-by-case basis is appropriate. Research indicates that the regulation and term in issue have been the subject of review in at least one reported case. In Barnett v. Wendt (1986), 33 Ohio App. 3d 124, 514 N.E. 2d 739, the court of appeals held that the finding of a violation of Ohio Adm. Code 4732-17-01(A)(2)(d) was not unreasonable where the sexual relationship between the psychologist and client took place approximately four weeks after the termination of the therapeutic relationship.

While appellant submits that seven months constitutes a significant amount of time between the end of a therapeutic relationship and the beginning of a sexual relationship, we cannot agree. As a licensed psychologist, appellant is bound to be aware that sexual relationships with clients are not only discouraged, but prohibited, given the influence the psychologist usually has over the client in the therapeutic relationship, and the client's trust in and dependency on the psychologist. It takes no citation of authority to safely state that sexual relations between any

professional and a client or immediate ex-client are universally prohibited by the ethical regulations of practically every profession.  In our view, it was not unreasonable for the board to find that appellant engaged in a sexual relationship with an "immediate ex-client" within the ambit of the regulation, since appellant conceded in his own testimony that the influence of the therapeutic relationship between a psychologist and client could last up to a year after the end of therapy.  Thus the board had ample supporting evidence to find that Client X was an immediate ex-client, since sexual relations ensued approximately seven months after the therapeutic relationship terminated.  In any event, we believe that former Ohio Adm Code 4732-17-01(A)(2)(d), the prohibition against a psychologist engaging in a sexual relationship with an immediate ex-client, is not so vague so as to cause a psychologist of ordinary intelligence to guess at its meaning or application.  See, generally, Columbus v. Thompson (1971), 25 Ohio St. 2d 26, 54 O.O. 2d 162, 266 N.E. 2d 571.  Therefore, we reject appellant's argument that the regulation in issue is unconstitutionally vague as applied herein.

Moreover, in Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St. 3d 257, 533 N.E. 2d 264, we held that courts must accord due deference to the State Employment Relations Board's interpretation of R.C. Chapter 4117, since the General Assembly designated it to be the proper forum to resolve public employment labor disputes.  Similarly, we hold in the cause sub

judice that courts must accord due deference to the State Board of Psychology in its interpretation of R.C. Chapter 4732 and the relevant provisions of the Ohio Administrative Code, given that the General Assembly has deemed it to be the proper forum to determine licensure matters concerning psychologists.

With regard to the second argument raised by appellant, i.e., that the court of appeals applied the incorrect standard of review in reversing the trial court's vacation of the board's revocation order, appellant asserts that the appellate court essentially adopted a new standard of review for adjudications arising under R.C. 119.12.  In our view, however, it was the court of common pleas which abused its discretion in its review of the decision of the board.

The decision of the court of common pleas held that the board's revocation of appellant's license was not supported by reliable, probative and substantial evidence.  In so holding, the court relied primarily upon the testimony given by appellant's former attorney, and concluded that Client X largely initiated and pursued the nontherapeutic relationship that took place.  However, in Univ. of Cincinnati v. Conrad (1980), 63 Ohio St. 2d 108, 111, 17 O.O. 3d 65, 67, 407 N.E. 2d 1265, 1267, this court plainly observed that "*** the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts.  For example, when the evidence before the court consists of conflicting testimony of approximately equal weight,

the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility."

Upon a careful review of the record, we agree with the conclusion of the court of appeals below that the trial court failed to accord due deference to the findings of the board, especially with respect to conflicting testimony.  See, also, Seasons Coal Co. v. Cleveland (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273.

Had the court of common pleas abided by the standard of due deference outlined above, we are confident that it would have held that the board's finding of negligence on the part of appellant in the practice of psychology was supported by reliable, probative and substantial evidence.  Since the court of common pleas did not follow the due-deference standard, it abused its discretion in reversing the board's revocation order.

Based on all the foregoing, the judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

Moyer, C.J., Holmes, Wright and H. Brown, JJ., concur.
Douglas and Resnick, JJ., dissent.

FOOTNOTE:

1 Effective October 1, 1990, Ohio Adm. Code 4732-17-01 was amended to forbid psychologists from engaging in sexual intercourse or other physical intimacies with a client within twenty-four months of the last professional services rendered by the psychologist to the former client.  Ohio Adm. Code 4732-17-01(E)(3)(a).

Alice Robie Resnick, J., dissenting. I must respectfully dissent from the majority's assessment of the constitutional validity of former Ohio Adm. Code 4732-17-01(A)(2)(d). The majority confuses several aspects of this issue, and offers little or no analytical justification for its ultimate holding. Upon close examination, I conclude that former Ohio Adm. Code 4732-17-01(A)(2)(d) is void for vagueness.

As an initial factual matter, the State Board of Psychology, as the fact-finder, determined that: (1) the therapeutic relationship between Client X and appellant ended in November 1985; (2) a social relationship between the two individuals began in March 1986; and (3) a sexual relationship began in June 1986 -- seven months after the therapeutic relationship had ended. However, the record contains evidence that Client X had a previous professional relationship with appellant when they both attended a 1982 group workshop at the Gestalt Institute of Cleveland. The record evinces that Client X was on the faculty of Bloomsburg University, Bloomsburg, Pennsylvania, in the Department of Counseling. Moreover, at the time of the hearing before the State Board of Psychology, Client X was working on her doctorate at Ohio State University. In all, Client X was appellant's patient for fifteen months. But Client X met with appellant for only eight therapy sessions, the last one being in November 1985. Hence, while Client X was a patient and may have been susceptible to appellant's influence, this is not necessarily a prototypical case of a

psychologist who purposefully abandons his professional ethics to pursue an illicit sexual relationship.

Appellant's argument that former Ohio Adm. Code 4732-17-01(A)(2)(d) is unconstitutionally vague centers around the phrase "immediate ex-client" found therein. "In order to prove such an assertion, the challenging party must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * *' Coats v. Cincinnati (1971), 402 U.S. 611, 614 [91 S. Ct. 1686, 1688, 29 L.Ed. 2d 214, 217]. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what is required to do under the law." State v. Anderson (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226. The word immediate is the only standard given in the administrative rule, and is not defined by any other section of the Ohio Administrative Code. This court has long recognized the basic principle that "[w]ords in common use will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them." Eastman v. Ohio (1936), 131 Ohio St. 1, 22 N.E.2d 132, 15 O.O. 330, paragraph five of the syllabus. Black's Law Dictionary (6 Ed. 1990) 749, defines "immediate" as follows: "Present; at once; without delay; not deferred by any interval of time. In this sense, the word, without any very precise signification, denotes that action is or must be taken either

instantly or without any considerable loss of time. * * * Next in line or relation; directly connected; not secondary or remote. ***"  As applied to this case, the term "immediate" is void for vagueness because it contains no time element for guidance, i.e., it is "without any very precise signification."  Essentially, the majority equates a seven-month hiatus between the therapeutic relationship and a sexual relationship with being "immediate."  Yet, the very definition of this term denotes almost instantaneous conduct, or conduct "without any considerable loss of time."  Under even the most strained concept of common sense, seven months cannot be considered "immediate."

A psychologist reading the phrase "immediate ex-client" would be at a loss to know whether this meant a day, a week, a month or a year. Applying the definition of "immediate" set forth above, no psychologist could ever know what conduct was prohibited and what conduct was allowed.  Additionally, as noted in the majority opinion at fn. 1, Ohio Adm. Code 4732-17-01 has been amended to now specifically require a twenty-four month interval between the end of treatment or therapy and the beginning of a sexual relationship.  See Ohio Adm. Code 4732-17-01(E)(3)(a).  Comparing this amendment to the prior version of the rule, could any practicing psychologist ever have imagined the word "immediate" to mean twenty-four months, let alone seven?  I do not believe any individual of ordinary intelligence could possibly have thought that "immediate ex-client" would translate into any client treated in the preceding seven

months.  Hence, I would find former Ohio Adm. Code 4732-17-01(A)(2)(d) void for vagueness since no ascertainable standard is found therein. Therefore, I vigorously dissent.

Douglas, J., concurs in the foregoing dissenting opinion.