**ROSE HILL CHAPEL–CIRIELLO FUNERAL HOME, Appellant,**

v.

**OHIO BOARD OF EMBALMERS & FUNERAL DIRECTORS, Appellee.**

[Cite as *Rose Hill Chapel–Ciriello Funeral Home v. Ohio Bd. of Embalmers & Funeral Dirs.* (1995), 105 Ohio App.3d 213.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16922.

Decided July 12, 1995.

*Shumaker, Loop & Kendrick, Kevin D. Devaney* and *John F. Hayward,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Christopher S. Cook,* Assistant Attorney General; and *Frederick M. Lombardi,* for appellee.

DICKINSON, Judge.

Joseph Ciriello Funeral Home, Inc. ("Ciriello") has appealed from a judgment of the Summit County Court of Common Pleas that affirmed the determination of the Ohio Board of Embalmers and Funeral Directors ("board") not to issue it a license to operate a funeral home under the name Rose Hill Chapel—Ciriello Funeral Home. It has argued that the trial court incorrectly affirmed the

decision of the board because (1) the board's requirement that the funeral director's name appear first in the title of the funeral home was not mandated by R.C. 4717.11; (2) the board's requirement that the funeral director's name appear first in the title of the funeral home was, in effect, the promulgation of an administrative rule without complying with the requirements of the Ohio Administrative Procedure Act; and (3) the board's determination constituted a compensable taking under the Ohio Constitution. This court affirms the judgment of the common pleas court because (1) the board's requirement that the funeral director's name appear first in the name of the funeral home was consistent with the requirements of R.C. 4717.11; (2) the board's enforcement of R.C. 4717.11 was consistent with its statutory mandate and did not constitute the promulgation of an administrative rule; and (3) Ciriello failed to raise the issue of a compensable taking in the common pleas court and, therefore, waived its rights to raise it on appeal.

## I

Ciriello operates a funeral home adjacent to the Rose Hill Burial Park on West Market Street, Akron, Ohio. The burial park is owned by Gibraltar Mausoleum Corporation, which also owns a substantial interest in Ciriello. Joseph Ciriello, a licensed embalmer and funeral director under Ohio law, is the president of Ciriello, an owner of ten percent of it, and is the managing funeral director of the West Market Street funeral home. On January 29, 1993, Ciriello applied to the board for a license to operate the funeral home under the name: "Rose Hill Chapel—Ciriello Funeral Home."

On May 13, 1993, the board proposed denying Ciriello's application. According to the board, Ciriello's proposed name did not comply with the requirement of R.C. 4717.11 that a funeral home "be operated or established only under the name of the holder of a funeral director's license":

"You have applied for a funeral home license seeking to have the license issued under the name 'Rose Hill Chapel—Ciriello Funeral [Home].' The words 'Rose Hill Chapel' are not names of a holder of a funeral director's license, and as such do not satisfy the statutory language [of Section 4717.11]."

On May 19, 1993, Ciriello requested a hearing on the board's proposed denial and, on June 21, 1993, such a hearing was held. The hearing officer determined that Ciriello was the managing funeral director of the funeral home, and that he owned a ten-percent interest in the business. In his findings of fact, he further recognized the board's past practices and its concern that the proposed name for the funeral home could be misleading:

"7. This Board has interpreted Ohio law concerning the names of funeral homes to require that the funeral home must be established in the name of the funeral director in charge and who also has a substantial interest in the business. In addition, this Board has interpreted the law to permit the funeral home title to include other names which indicate the location of the funeral home. * * *

"8. This Board has further interpreted Ohio law to require that the name of the licensed funeral director must predominate (or come first) over the location name in the name of a funeral home. This Board's interpretation is based upon its belief that having the funeral director's name first protects the public from confusion as to the identity of the licensed person who can actually practice funeral directing and who is responsible for the operation of the business.

"In the instant case, since Rose Hill is a cemetery name and the first name in the proposed funeral home title, this Board believes that the public may be misled or confused to believe that the cemetery (and its parent, Gibraltar) could render or sell funeral services when only a licensed funeral director can provide such services. This is especially true because cemeteries are not under the jurisdiction of this Board."

Despite that recognition, the hearing officer recommended that the board grant Ciriello's application because, according to him, R.C. 4717.11 does not require that the name of a licensed funeral director appear first in the name of a funeral home. He concluded that the board lacked authority, without promulgating an administrative rule in accordance with R.C. Chapter 119, to require that a funeral director's name appear first in the name of a funeral home:

"It is my opinion that this Board, as an administrative agency, can only impose a requirement as to the order of names after it has promulgated a Rule to that effect. Without a Rule dictating the name order, I do not believe this Board has the authority to prohibit the location name from being first. This Board can allow location names in the title because that does not violate a proper interpretation of R.C. 4717.11(A). Going one step further, however, to mandate the order of the names, cannot draw its authority from the language of R.C. 4717.11(A) because the statute does not address that subject at all. In order for this Board to have such authority, it must therefore be drawn from an Administrative Rule. There is, however, no Administrative Rule on the subject."

On September 15, 1993, the board issued an "Adjudication Order and Opinion" in which it rejected the report of the hearing officer:

"Pursuant to Section 4717.11(A) of the Ohio Revised Code, a funeral home, establishment, or any other place pertaining to funeral directing or the conducting of funerals shall be operated or established only under the name of the holder

of a funeral director's license of this state who is actually in charge and who owns a substantial financial interest in the establishment.

"The Board has interpreted this law to permit the funeral home title to include directional or locational names, but only if these directional or locational names appear after the licensee's name in the firm title[.]

"The Board's interpretation of this statute, requiring the licensee's name to predominate is the result of the Board's belief that, in order to protect the public from confusion as to who is actually in charge, the licensee's name should come first in the establishment's title."

On October 22, 1993, Ciriello appealed the board's "Adjudication Order and Opinion" to the Summit County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court affirmed the decision of the board, concluding that the board's determination was "supported by reliable, probative and substantial evidence and [was] in accordance with the law * * *." It held that the board's interpretation of R.C. 4717.11 as requiring a funeral director's name to appear first in the name of a funeral home did not impose an additional substantive requirement that necessitated the promulgation of a rule and that the board's interpretation was consistent with the "statutory mandate." Ciriello timely appealed to this court.

## II

### A

■ Ciriello's first assignment of error is that the common pleas court incorrectly affirmed the board's denial of its application for a funeral home license because the board's requirement that the funeral director's name appear first in the name of the funeral home was not mandated by R.C. 4717.11. It has argued that the board's denial of its license was based on an incorrect interpretation of governing law and, as such, should be reviewed by this court *de novo*.

■ In reviewing an order of an administrative agency under R.C. 119.12, a common pleas court is generally required to affirm the agency's order unless it finds that the order was not supported by reliable, probative, and substantial evidence and was not in accordance with the law. *Bottoms Up, Inc. v. Ohio Liquor Control Comm.* (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476. R.C. 119.12 provides, in part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a

finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

The determination of whether an agency's decision is supported by reliable, probative and substantial evidence is essentially a "question of the absence or presence of the requisite quantum of evidence." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267, citing *Andrews v. Ohio Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390. A common pleas court is required to give "due deference to the administrative resolution of evidentiary conflicts." *Id.* As a reviewing court, a common pleas court must also determine whether an agency's decision is "in accordance with law." That determination often requires a "hybrid form of review." *Id.* A court "is not required to determine the quality of the evidence," however, "where it concludes that the agency's decision rests upon a misinterpretation of the applicable law." *Painesville Raceway, Inc. v. Ohio Dept. of Liquor Control* (1980), 70 Ohio App.2d 219, 229, 24 O.O.3d 298, 304, 436 N.E.2d 543, 550. In this case, there were no evidentiary disputes. Accordingly, the only issue before this court is whether the board's interpretation of R.C. 4717.11 was "in accordance with law."

An administrative agency's construction of a statute that the agency is empowered to enforce must be accorded due deference. See, *e.g., Leon v. Ohio Bd. of Psychology* (1992), 63 Ohio St.3d 683, 687, 590 N.E.2d 1223, 1226; *Chaney v. Clark Cty. Agricultural Soc., Inc.* (1993), 90 Ohio App.3d 421, 426, 629 N.E.2d 513, 516–517. Unless the construction of a statute is unreasonable or impermissible, the construction given to it by the agency should be followed by reviewing courts. *Leon,* 63 Ohio St.3d at 687, 590 N.E.2d at 1226; *Chaney,* 90 Ohio App.3d at 426, 629 N.E.2d at 516–517.

R.C. 4717.11 provides in part:

"(A) A funeral home, establishment, or any other place pertaining to funeral directing or the conducting of funerals shall be operated or established only under the name of the holder of a funeral director's license of this state who:

"(1) Is actually in charge of such business or establishment; and

"(2) Owns a substantial financial interest in such business or establishment."

Ciriello has argued that the statute is unambiguous, does not prevent the inclusion of words other than the name of the funeral director in the name of a funeral home, and does not dictate the order of the words in the name of a funeral home. It has argued that the statute requires only that the name of a licensed funeral director who satisfies the two requirements of the statute be included in the name of the funeral home.

The board has conceded that it has approved the inclusion of words other than the name of the funeral director in the names of funeral homes. These other words have been locational or directional designations to differentiate between funeral homes operated by the same funeral director. The board has argued that, when other terms are included in the name of a funeral home, R.C. 4717.11 requires the name of the funeral director be the predominant part of the name of the funeral home and that, in order to ensure that it is the predominant part of the name, it must appear first. It has asserted that "[t]here is absolutely no language appearing in the statute that allows any other interpretation."

R.C. 4717.11 unambiguously requires that a funeral home be operated only under a funeral director's name. The board's determination to deny Ciriello's license based on the fact that the locational term "Rose Hill Chapel" preceded the funeral director's name was consistent with the requirements of the statute.

The board's construction of the statute furthers a policy of enabling consumers to identify the person responsible for the services provided as well as to verify that the particular location is licensed. By requiring that the name of the licensed owner predominate in the name by placing it first, the board is complying with the requirement of R.C. 4717.11 that the home be operated "only" under the owner/licensed director's name. The inclusion of a location in the name following the name of the funeral director distinguishes particular locations operated by the same person. This is significant in that the Revised Code requires each individual funeral home to be separately licensed and to display that license in a conspicuous place. R.C. 4717.18; Ohio Adm.Code 4717–1–16 and 4717–1–24. Inasmuch as the board's requirement that a funeral director's name predominate in the name of a funeral home comports with the requirements of R.C. 4717.11, Ciriello's first assignment of error is overruled.

## B

Ciriello's second assignment of error is that the board's requirement that the funeral director's name appear first in the title of the funeral home was, in effect, the promulgation of an administrative rule that did not comport with the requirements of the Ohio Administrative Procedure Act. R.C. 4717.04 provides that the board has authority to adopt rules and regulations for the betterment of the profession of embalming and funeral directing:

"Said board * * * may adopt, promulgate, and enforce such rules for the transaction of its business and the management of its affairs, the betterment and promotion of the educational standards of the profession of embalming and the standards of service and practice to be followed in the profession of embalming and funeral directing and in the operation of funeral homes in the state as it may deem expedient."

Additionally, the board is charged with enforcing the various Revised Code sections pertaining to funeral homes and the licensing of funeral directors.

The board's denial of Ciriello's license because the words "Rose Hill Chapel" preceded the name of the managing funeral director was in furtherance of the board's authority, and did not require the promulgation of an administrative rule. As noted previously, R.C. 4717.11 requires that a funeral home be operated under the name of a licensed funeral director. The board possesses the authority to review each application for a funeral home license to determine that it meets the requirements of the statute. In this case, Ciriello's proposed name did not meet the requirements of the statute, and the board denied the application. There is no requirement that the board promulgate a rule every time it exercises its authority to enforce R.C. 4717.11. Accordingly, Ciriello's second assignment of error is overruled.

## C

Ciriello's third assignment of error is that the board's denial of its license constituted a compensable taking under the Ohio Constitution. Ciriello failed to raise this issue before the court of common pleas. A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317–318, 436 N.E.2d 1001, 1003–1004. Thus, a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. See *Van Camp v. Riley* (1984), 16 Ohio App.3d 457, 463, 16 OBR 539, 544–545, 476 N.E.2d 1078, 1083–1084; *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1993), 91 Ohio App.3d 76, 80, 631 N.E.2d 1068, 1071–1072; *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 545, 632 N.E.2d 1341, 1342–1343. Ciriello's third assignment of error is overruled.

## III

Ciriello's assignments of error are overruled. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.