**AKRON CELLULAR TELEPHONE COMPANY, d.b.a. Cellular One, Appellant,**

**v.**

**CITY OF HUDSON VILLAGE, Appellee.**

[Cite as *Akron Cellular Tel. Co. v. Hudson Village* (1996), 115 Ohio App.3d 93.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17681.

Decided Oct. 2, 1996.

94

*Dinn, Hochman & Potter, P.L.L., Robert S. Ginsberg, Steven B. Potter* and *Robert R. Lucarelli*, for appellant.

*Walter & Haverfield, P.L.L., Charles T. Riehl*, City Solicitor, *R. Todd Hunt* and *Vincent L. Cheverine*, for appellee.

BAIRD, Presiding Judge.

Appellant Akron Cellular Telephone Company ("Cellular One") sought to build and operate a telecommunications tower in an area zoned for residential use in the city of Hudson Village ("Hudson"), Ohio. Hudson's Board of Zoning and Building Appeals upheld the Hudson zoning inspector's denial of Cellular One's application for an exemption from zoning requirements, which had been based on Cellular One's alleged status as a "public utility" providing an "essential service."

The Summit County Court of Common Pleas affirmed the board's decision. On appeal, Cellular One assigns two errors: (1) the court below misapplied the law for determining whether Cellular One is a public utility, and (2) the board decision affirmed by the court below violated the Federal Communications Act. We affirm.

In October 1994, Cellular One applied for a zoning certificate from Hudson. Cellular One sought to demonstrate that it was a public utility entitled to exemption from local zoning laws for its tower project, *i.e.*, that it could build a one-hundred-seventy-five-foot-tall telecommunications tower on a parcel to be leased in a residential neighborhood. The parcel was located in territory which had been part of Hudson Township prior to the township's merger with Hudson on January 1, 1994.

Hudson's zoning inspector denied the application. Cellular One appealed the zoning inspector's decision in public hearings conducted by Hudson's Board of Zoning and Building Appeals in April and May 1995. The board upheld the decision of the zoning inspector. On January 24, 1996, the court of common pleas affirmed the board.

I

Cellular One's first assignment of error states:

"The lower court erred by affirming the decision of the appellee Board of Zoning and Building Appeals denying appellant's application for a zoning certificate to construct a cellular telecommunications facility in the former Hudson Township because appellant, as a cellular phone company, is a public utility exempt from Hudson Township's zoning restrictions."

The Hudson Township Zoning Resolution exempted from compliance with zoning rules construction for "essential services" provided by a "public utility." Hudson Township Zoning Resolution 324. Cellular One's claim to an exemption rested upon its alleged status as a public utility. The trial court decided the case exclusively under the Hudson Township Zoning Resolution and case law defining "public utility" for the purposes of exemption from zoning regulation. The trial court held that Cellular One did not sufficiently show itself to be a public utility under the relevant case law and thus was not entitled to the zoning exemption provided for by the township zoning resolution.

Cellular One contends that a state statute defines "cellular telecommunications providers" as public utilities with respect to township zoning regulations. Alternatively, Cellular One contends that the trial court abused its discretion in its application of the case-law test for determining whether an entity is a public utility for the purpose of exemption from zoning regulation.

Both contentions are inapposite because the Zoning Code of Hudson obviates Cellular One's claim to a zoning exemption as a public utility providing essential services. Were Cellular One deemed to be a public utility, the Hudson Zoning Code nevertheless would absolutely disqualify Cellular One from exemption from zoning regulation for the construction of its tower. This is so because to qualify for the exemption under the zoning code, the public utility must have eminent domain powers. Cellular One nowhere alleges that it possesses such powers, nor is there anything in the record to suggest that Cellular One is so empowered.[1]

■ Ten months before Cellular One applied to Hudson for exemption from compliance with zoning laws, the former Hudson Township and Hudson merged pursuant to R.C. 709.43 *et seq.* R.C. 709.47 requires that after the merger, Hudson ordinances and rules apply to former township territory "to the extent they are not in conflict with the conditions approved by the electors." The electoral approval of the merger included Condition 2.02, which requires the former township zoning resolution to apply to areas once in the township until a unified zoning code is adopted by the Hudson City Council:

"The Hudson Township Zoning Resolution, as it exists on the date of Merger, shall be an amendment to the Planning and Zoning Code of the Codified Ordinances of the City of Hudson Village and be applicable to the former Township until such time as the Municipal Planning Commission of the merged city creates a unified code and it is adopted by council."

The trial court erroneously ruled that since the city had not yet adopted a unified zoning code, the township zoning resolution applied in isolation from city law. Both R.C. 709.47 and the terms of Condition 2.02 direct us not to apply the township zoning resolution in isolation from city law.

We find key to this case a Hudson Zoning Code provision that is not in conflict with the township zoning resolution, and whose application is mandated by R.C. 709.47. Hudson Zoning Code 1220.04(21) must be read in conjunction with Hudson Township Zoning Resolution 324. The latter provision exempts "essential services" from the restrictions of zoning laws, and provides a nonexclusive list of activities that "essential services" "would include":

---

1.  Cellular One argued that under case law it qualified as a public utility for the purposes of exemption from local zoning rules. The leading case on this question is *A & B Refuse v. Ravenna Twp.* (1992), 64 Ohio St.3d 385, 596 N.E.2d 423, in which the court set out as a major factor whether the nature of an alleged public utility's operation was "a matter of public concern." *Id.* at 388–389, 596 N.E.2d at 426. Had Cellular One the power of eminent domain, it seems likely that it would have cited that power in its argument that it is a public utility under *A & B Refuse.* Cellular One does not allege that it qualifies as a "communication business" under R.C. 4931.11 entitled to eminent domain powers under R.C. 4931.04. See *Cablevision of the Midwest, Inc. v. Gross* (1994), 70 Ohio St.3d 541, 545–546, 639 N.E.2d 1154, 1157–1158.

*"Essential services * * * would include* services such as the erection, construction, alteration, or maintenance *by public utilities* or municipal or other governmental agencies, of underground and overhead gas, electrical, steam or water transmission or distribution systems, collection, communication, supply or disposal systems, including poles, wires, mains, drains, sewers, pipes, conduits, cables, fire alarm boxes, police call boxes, traffic signals, hydrants, and other similar equipment and accessories in connection therewith, reasonably necessary for the furnishing of adequate service by such public utilities or municipal or other governmental agencies or for the public health or safety or general welfare, but not including buildings." (Emphasis added.)

Hudson Zoning Code 1220.04(21) defines "essential services" by stating that "essential services" means virtually the same scope of activities listed in its counterpart section of the township zoning resolution. However, Section 1220.04(21) limits the type of public utilities involved to those "having the power of eminent domain":

" *'Essential services'* means the erection, construction, alteration or maintenance *by public utilities having the power of eminent domain* or Municipal departments, or underground or overhead gas, electrical, steam or water transmission or distribution systems, collection, communication, supply or disposal systems, including poles, wires, mains, drains, sewers, pipes, conduits, cables, fire alarm boxes, police call boxes, traffic signals, hydrants and other similar equipment and accessories in connection therewith, reasonably necessary for the furnishing of adequate service by such public utilities or Municipal departments or for the public health or general welfare, but not including buildings, storage yards, power transmission tower lines, coal conveyor belt lines and other similar uses not primarily serving the Municipality."

█ Section 1220.04(21) applies to this case to the extent it is not in conflict with Hudson Township Zoning Resolution 324. R.C. 709.47. Compared to its counterpart in the township zoning resolution, Hudson Zoning Code 1220.04(21) narrows the range of public utilities that qualify as providers of "essential services" to those that have the power of eminent domain. Reasoning from the analogy provided by conflicts between municipal ordinances and state laws under Section 3, Article XVIII, Ohio Constitution, we find no conflict between Hudson Zoning Code 1220.04(21) and Hudson Township Zoning Resolution 324. That being so, we apply Hudson Zoning Code 1220.04(21).

Section 3, Article XVIII, Ohio Constitution reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

�In The Ohio Supreme Court put the following gloss on Section 3: "Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of Section 3, Article XVIII, of the Ohio Constitution, and derive no authority from, and are subject to no limitations of, the General Assembly, except that such ordinances shall not be in conflict with general laws." *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph one of the syllabus. A municipality exercises the police power when it enacts zoning laws. *Garcia v. Siffrin Residential Assn.* (1980), 63 Ohio St.2d 259, 17 O.O.3d 167, 407 N.E.2d 1369, paragraph two of the syllabus. "A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, * * * or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance." *Struthers,* 108 Ohio St. 263, 140 N.E. 519, paragraph three of the syllabus.

�depends In determining whether an ordinance is in conflict with general laws, " 'the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.' " *Fondessy Ent., Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797, paragraph two of the syllabus, following *Struthers,* 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus; see, also, *Joe Horisk's Salvage Pool Sys. of Ohio v. Strongsville* (1993), 91 Ohio App.3d 121, 130–133, 631 N.E.2d 1097, 1103–1105.

The city zoning code is more strictly definitive than the township zoning resolution: the code states what essential services "mean"; the resolution lists what essential services "would include." The township zoning code may countenance essential services being provided by a public utility lacking the powers of eminent domain, which public utility would be barred from doing the same under the city zoning code. On the other hand, the township zoning resolution does not affirmatively state that public utilities lacking the power of eminent domain qualify as providers of essential services. Following by analogy the principles of conflicts-determination under Section 3, Article XVIII, Ohio Constitution, we find no conflict because we cannot say that the township zoning resolution "permits or licenses that which the [ordinance] forbids and prohibits." *Struthers,* 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus. Otherwise stated, we find no real conflict because the resolution has not "declared something to be right which the [Zoning Code] declares to be wrong, or vice versa." *Id.* at 268, 140 N.E. at 521.

The record discloses no evidence that Cellular One has the power of eminent domain. Therefore, even had it successfully argued that it was a public utility, Cellular One would not properly be eligible for a zoning exemption under Hudson Zoning Code 1220.04(21), which is made applicable to the former township areas

by the operation of R.C. 709.47. Cellular One's first assignment of error is overruled.

## II

Cellular One's second assignment of error states:

"The lower court erred by affirming the decision of the appellee Board of Zoning and Building Appeals denying appellant's application for a zoning certificate to construct a cellular telecommunications facility in the former Hudson Township because such decision violates 47 U.S.C.A. § 332(c)(7) of the Federal Communications Act."

A careful review of the trial court's decision and of the transcript available to the trial court discloses no evidence that Cellular One ever raised this issue below. We have held that "[a] fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the court's attention." *Rose Hill Chapel–Ciriello Funeral Home v. Ohio Bd. of Embalmers & Funeral Dirs.* (1995), 105 Ohio App.3d 213, 220, 663 N.E.2d 978, 983, citing *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317–318, 436 N.E.2d 1001, 1003–1004. A party waives the right to contest an issue on appeal where that issue existed prior to the time of trial and the party did not raise it at the appropriate time in the court below. *Rose Hill Chapel,* 105 Ohio App.3d at 220, 663 N.E.2d at 982–983, Cellular One's second assignment of error is thus overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

SLABY, J., concurs separately.

SLABY, Judge, concurring separately.

I agree that under the zoning code of Hudson, Akron Cellular Telephone is not exempt. This is, as the majority points out, because it does not have eminent domain powers. I believe, however, that it has made a case for being considered a public utility. The advent of deregulation has opened the door for high-tech telecommunication companies to fit into the category of public utilities. The greater the number of users, the greater the public's need for expanded services.

The legislators, both state and local, must be mindful of the created need for services and the infringement upon individuals' property rights to provide those services. We want and need new and expanded services. We don't want the

mechanical apparatus, towers, in our back yards. The legislators must balance these conflicting needs and rights. I believe the local zoning boards have that power and have exercised it here.