DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Sharon Carver appeals from her conviction and sentence, rendered in the Medina Municipal Court, for driving under the influence of alcohol. We affirm.
At 2:00 a.m. on April 20, 1996, patrolling Medina City Police Officer Cerino followed a car he later testified was "traveling very slowly, * * * in a weaving course, from side to side, just as something would sway in the wind," although nothing in the conditions of the road or the weather prevented one from driving in a straight course. Weaving within a lane of traffic is a violation of Medina Municipal Code Section 331.34. Cerino followed the car for at least a half-mile before causing it to pull over. Based upon his observations of Carver's person and her performance of field sobriety tests, Cerino arrested Carver for driving under the influence of alcohol. A breath-alcohol test indicated that Carver had a blood-alcohol content of .248 grams of alcohol by weight per 210 liters of her breath.
On May 29, 1996, Carver moved to suppress all evidence gathered at and after the traffic stop, on the grounds that Cerino had no lawful cause to stop and detain her in the first place. On September 20, 1996, following a hearing, the trial court overruled Carver's motion to suppress. Carver then pled no contest, and was convicted of driving while under the influence of alcohol, in violation of Medina Municipal Code Section 333.01(a)(1); and failure to control, in violation of Medina Municipal Code Section 331.34. Carver appeals from the order of conviction and sentence, assigning one error.
Carver's sole assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS.
A traffic stop is a seizure of the person under the Fourth Amendment. Whren v. United States (1996), 517 U.S. ___,135 L.Ed.2d 89, 95. To justify a limited warrantless detention during a traffic stop, the detaining officer must possess a reasonable and articulable suspicion that a violation of law has or may have been committed. See State v. Epling (1995), 105 Ohio App.3d 663,664. The question of whether an officer has a reasonable suspicion to make an investigatory stop is to be reviewed by an appellate court de novo. Ornelas v. United States (1996),517 U.S. 690, ___, 134 L.Ed.2d 911, 920; State v. Gutierrez (July 17, 1996), Medina App. No. 2215-M, unreported, at 6. Courts are required to exclude evidence obtained by means of seizures and searches found violative of the Fourth Amendment. See State v.Halczyszak (1986), 25 Ohio St.3d 301, 302, certiorari denied (1987), 480 U.S. 919, 94 L.Ed.2d 691; Mapp v. Ohio (1961),367 U.S. 643, 657, 6 L.Ed.2d 1081, 1091.
"[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12. This court has concluded that:
 "[W]eaving, even within a single lane of traffic, can justify an investigatory stop." State v. Williams (1993), 86 Ohio App.3d 37, 43. In addition, "observed violations of motor vehicle laws, provide, in themselves, reasonable suspicion that criminal activity is taking place." State v. Richards (March 14, 1997), Darke App. No. 1410CA, unreported. In other words, where a police officer observes someone violating a traffic law, that is sufficient to give rise to a reasonable conclusion that criminal activity is taking place. See, e.g., id.; State v. Lowman
(1992), 82 Ohio App.3d 831, 837.
State v. Myers (January 17, 1998), Summit App. No. 18292, unreported, at 6.
In her motion for suppression, Carver argued that Medina's prohibition of weaving within a lane of traffic is unconstitutional. Since that prohibition is unconstitutional, continued Carver, then Officer Cerino did not have a reasonable suspicion that a valid traffic law was being violated as he proceeded to stop her. Carver contends that all evidence gathered as a result of the stop must therefore be suppressed as deriving from an illegal warrantless search.[1] Because we reject Carver's arguments that Medina Municipal Code 331.34 is unconstitutional, we overrule her assignment of error.
A statute is presumed constitutional; a challenger must establish the contrary beyond a reasonable doubt. State ex rel.Richard v. Bd. of Trustees of Police Firemen's Disability Pension Fund (1994), 69 Ohio St.3d 409, 413. Article XVIII, Section 3 of the Ohio Constitution provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Carver insists that Medina Municipal Code Section 331.34 is in conflict with general law R.C. 4511.33, which states in part:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rule
appl[ies]:
 (A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.[2]
Medina Municipal Code Section 331.34 provides, in relevant part:
 (b) No person shall operate a motor vehicle * * * upon any street or highway in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with law.
The state law's silence on weaving within lanes is not in conflict with Medina's prohibition thereof. "A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law[.]"Akron Cellular Tel. Co. v. Hudson Village (1996), 115 Ohio App.3d 93,99, quoting Village of Struthers v. Sokol (1923), 108 Ohio St. 263, paragraph three of the syllabus. Thus, Medina's ordinance does not run afoul of Article XVIII, Section 3 of the Ohio Constitution.[3] When he stopped Carver, Cerino had a reasonable suspicion that Carver had violated a valid traffic law.
The trial court did not err in overruling Carver's motion to suppress. Carver's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina, Medina Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD
FOR THE COURT
DICKINSON, P. J.
SLABY, J.
CONCUR
[1] Carver does not dispute that upon observing Carver during the traffic stop, Cerino acquired probable cause to arrest her for drunk driving.
[2] R.C. 4511.33 is a general law. "Sections 4511.01 to4511.78 * * * shall be applicable and uniform throughout this state and in all political subdivision and municipal corporations of this state. No local authority shall enact or enforce any rule in conflict with such sections [.]" R.C.4511.06.
[3] Carver also asserts that Medina Municipal Code Section 331.34 is unreasonable insofar as it prohibits harmless conduct and therefore bears no substantial relationship to the health, safety, morals, or general welfare of the public; arbitrarily "uses terms which can have no meaning to the general public"; and capriciously "vests law enforcement officers with unlimited authority to stop and detain motorists in the City of Medina." Because Carver presented none of these arguments to the trial court, we need not address them on appeal. State v. Awan (1986), 22 Ohio St.3d 120, 123.