OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. The case is decided on the record, briefs and oral argument. Pursuant to Loc.R. 12(5) we have elected to render a written opinion.
Lloyd and June Martino, (the Martinos), appeal from the judgment entered in the Court of Common Pleas of Union County finding in favor of Donna R. Holt (Holt), granting her rescission of a real estate contract. The Martinos raise two assignments of error.
 I. The trial court erred in finding a mutual mistake of the parties and rescinding the transaction.
 II. Even if there was a mutual mistake, the trial court erred in using the more drastic remedy of rescinding the entire transaction, rather than the more appropriate and less drastic remedy of reforming the transaction to eliminate the alleged mistaken provision.
On May 14, 1996, Holt filed suit seeking a rescission of a contract executed on May 26, 1995 to sell her 478.95 acre farm to the Martinos. On March 6-7, 1997, a bench trial was held before the Union County Court of Common Pleas on the sole issue of whether the real estate contract entered between the Martinos and Holt should be set aside on grounds of mutual mistake. On March 26, 1997, the trial court found in favor of plaintiff Holt and ordered a rescission of the contract by written journal entry.
In the Martinos' first assignment, they claim the trial court erred in finding a mutual mistake.
"If the judgment of the trial court is supported by some competent, credible evidence, going to the essential elements of the case, the judgment will not be reversed unless it is against the manifest weight of the evidence." Reilley v. Richards (1994),69 Ohio St.3d 352,353, 632 N.E.2d 507, 509; see also, Myers v.Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; and C. E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
In Reilley, 69 Ohio St.3d 352, 632 N.E.2d 507, the Ohio Supreme Court held that a mutual mistake as to a material fact in a real estate transaction is grounds to rescind such transaction absent the failure to exercise ordinary care to discover the mistake on the part of the party seeking the rescission.
 "A mistake is material to a contract when it is `a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.' 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1). Thus, the intention of the parties must have been frustrated by the mutual mistake."
Id. at 353, 632 N.E.2d at 509.
In Reilley, the court affirmed the trial court's finding of a mutual mistake and rescission of a real estate contract. Id. The court held that the failure of either party to have an awareness as to the existence of a flood plain on the property constituted a mutual mistake and rescission of the contract was warranted. Id.
Here, the trial court found that the Holt's intention to sell and the Martinos' intention to buy the property were frustrated by their mistaken belief as to price terms as written in the contract. Holt testified that she believed the price her 478.95 acre farm sold for was $1,400.00 per acre present value. The Martinos testified that the they believed they purchased Holt's farm for its present value of $1,400 per acre payable over 27 years without interest, for a total of $670,530.15.
The contract's provision relating to purchase price evinces neither party's understanding as expressed at trial. The price listed on the contract for the farm is $240,248.49. Further, the Martinos, as the "buyer[s]," agreed to "execute a Mortgage Note and Mortgage Deed in the amount of * * * $240,248.49 Dollars bearing interest at a rate of 7.38 percent per annum." This figure computes to approximately $607.00 per acre. In addition, the contract states: "Buyer[s] shall have the right to prepay anyor all of the remaining balance owed on the note without penalty." (emphasis added).
The Martinos argue that the contract language is different from what the parties actually intended because Mrs. Holt sought to avoid complications with I.R.S. regulations which impute an interest cost into real estate transactions if no interest is listed. The Martinos argue, that the purchase price of $240,248.49 at 7.38 percent per annum was merely a different way to say the farm was sold for a total of $670,530.15 payable over 27 years without interest, together with other conditions of sale beneficial to Holt. The Martinos claim the provision of the contract permitting them to "prepay any or all of the remaining [$290,248.49] without penalty," was a meaningless clause intended to merely keep any I.R.S. suspicions at bay. However, the Martinos admitted on cross examination, that if circumstances warranted, they would exercise the prepayment clause as written in the contract to avoid paying the entire amortized amount.
To enforce the sale of real estate, the Statute of Frauds requires the transaction be in writing. R.C. § 1335.05. The policy behind this requirement is not to fulfill an archaic formality, but to provide clarity in determining the nature of real estate interests and to discourage indefinite or fraudulent claims about such interests. North Coast Cookies, Inc. v. Sweet Temptations,Inc. (1984), 16 Ohio App.3d 342, 476 N.E.2d 388. Accordingly, when reading a contract for the purchase of real estate, courts must rely on such document as evidence of the parties' true intention. However, where both parties to a contract agree that the terms within the contract do not actually evince their true intentions, then a mutual mistake could be one explanation for the discrepancy.
The Martinos argue that if a mistake occurred, it was not mutual. However, for this to be believed, the terms within the contract should at least comport with what the Martinos say their intent was. It is simply not enough for the Martinos to say they were not mistaken as to the price terms within the contract based on their true intent which is not found in the language of the contract.
The trial court's finding, that the parties were mutually mistaken as to the material element of the contract, the price terms, is supported by competent, credible evidence and is not against the manifest weight of the evidence. Reilley, 69 Ohio St.3d 352,632 N.E.2d 507; Myers, 66 Ohio St.3d 610,614 N.E.2d 742; and C. E. Morris Co., 54 Ohio St.2d 279, 376 N.E.2d 578.
The second step in a mutual mistake inquiry is to determine whether the party seeking rescission was negligent in failing to discover the mistake. As to this element, the Ohio Supreme Court in Reilley has recognized a low hurdle. There, the court held that a lawyer purchasing land could be found to be "an unsophisticated party at the time of the transaction," and not negligent because he would not have, by visual inspection of the unflooded property, determined that it was located on a floodplain. Reilley, 69 Ohio St.3d at 354, 632 N.E.2d at 509.
Here, evidence was introduced at trial which indicated that Holt, a 69 year old widow was unsophisticated in real estate transactions. Holt had been involved in only one real estate purchase in over thirty years. Further, there was evidence that Holt, who knew the Martinos for some time, relied on the Martinos and their attorney to treat her fairly during the transaction and did not feel she needed to secure additional advice. If an attorney can be found non-negligent in failing to discover an underlying mistake of fact within a real estate transaction, then surely Mrs. Holt's failure to discover a mistake in the drafting of the contract itself can likewise be considered by the trial court as non-negligent. Reilley, 69 Ohio St.3d 352,632 N.E.2d 507.
The trial court's finding that Holt did not fail to exercise ordinary care in the discovery of the mistake of fact is supported by competent, credible evidence and not against the manifest weight of the evidence. C. E. Morris Co., 54 Ohio St.2d 279,376 N.E.2d 578. The Martinos' first assignment of error is overruled.
 II.
The Martinos argue in their second assignment that had there occurred a mutual mistake of fact, the trial court erred by refusing to reform the contract instead of rescinding the contract.
The record discloses no request by the Martinos for reformation of the contract. "[A] party * * * waive[s] the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. Rose Hill Chapel-CirelloFuneral Home v. Ohio Board of Embalmers Funeral Directors
(1995), 105 Ohio App.3d 213, 220, 663 N.E.2d 978, 983; see also,Van Camp v. Riley (1984), 16 Ohio App.3d 457, 463, 16 OBR 539, 544-545, 476 N.E.2d 1078, 1083-1084; Little Forest Medical Ctr.v. Ohio Civil Rights Comm'n. (1993), 91 Ohio App.3d 76, 80,631 N.E.2d 1068, 1071-1072; Varisco v. Varisco (1993), 91 Ohio App.3d 542,545, 632 N.E.2d 1341, 1342-1343. Thus, this argument was waived by the Martinos and cannot now be considered for the first time on appeal. The Martinos' second assignment of error is overruled.
Judgment Affirmed.
HADLEY and EVANS, JJ., concur.