DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Paul E. Meyer, appeals from his convictions in the Akron Municipal Court for failure to restrain a dangerous dog. We affirm.
 I. {¶ 2} Mr. Meyer is the owner of two female, mother and daughter, Old English Bull Mastiff dogs named Greta and Trudy. On May 22, 2003, complaints were filed against Mr. Meyer for incidents involving Greta and Trudy that occurred on May 2, 2003. On that day, Greta and Trudy had attacked a runner and his dog; the runner called the police to report the incident. The police responded to the call, and to their dismay were greeted by Greta and Trudy, who began to chew their vehicle's tires, eventually puncturing the front right tire.
 {¶ 3} The Summit County Deputy Warden charged Mr. Meyer with two counts of failure to restrain a dangerous dog, in violation of Summit County Codified Ordinances 505.22(a)(1) and (a)(2), a first degree misdemeanor, and one count of failure to register a dog, in violation of R.C. 955.21, an unclassified misdemeanor. Mr. Meyer pled not guilty to the charges.
 {¶ 4} On July 14, 2003, Mr. Meyer filed his first motion to dismiss ("first motion"). On September 18, 2003, the court denied Mr. Meyer's first motion, stating that the issue of whether he received notice that Greta and Trudy are dangerous is an issue determinable at trial.
 {¶ 5} On October 6, 2003, Mr. Meyer filed a second motion to dismiss ("second motion"). In his second motion, Mr. Meyer asserted that the Summit County ordinances that he was charged with are in conflict with the general laws of Ohio. The city of Akron responded to the second motion. In an order dated October 21, 2003, the court denied the second motion, finding that the Summit County ordinances are not in conflict with Ohio laws.
 {¶ 6} A trial was held before the municipal court. On November 13, 2003, the court found Mr. Meyer guilty of both counts of failure to restrain a dangerous dog, and guilty of failure to register a dog. The court also explicitly declared Greta and Trudy dangerous, found that Mr. Meyer had been aware of their dangerousness, and stated that he failed retrain them in accordance with law. The court sentenced Mr. Meyer accordingly.
 {¶ 7} Mr. Meyer timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred to the detriment of appellant when it failed to sustain either or both of defendant/appellant's motion(s) to dismiss."
 {¶ 8} In his first assignment of error, Mr. Meyer assigns error to the court's denial of both his first and second motions. We address each motion, beginning with his second motion.
 {¶ 9} In regards to his second motion, Mr. Meyer references several arguments that he made to the municipal court. First, Mr. Meyer argued that Summit County Codified Ordinance 505.21(a), through its definition for a "dangerous dog," forbids a dog to bite another dog, cat, or other animal, whereas R.C. 955.11 does not explicitly apply to a dog that causes physical harm to another dog, cat, or other animal. Second, Mr. Meyer argued that the definition for a "dangerous dog" in R.C. 955.11 specifies that the dog is not "under the reasonable control of" the owner, keeper or harborer, or under a "physical restraint," while Summit County Codified Ordinance 505.21 does not include such qualifications. Third, Mr. Meyer argued that Summit County Codified Ordinance 505.21 governs situations in which the dog is either on or off the owner's premises, whereas R.C. 955.22 only applies to govern incidents that occur off the premises of the owner.
 {¶ 10} Mr. Meyer then proceeds to baldly assert in his brief on appeal that the municipal court "incorrectly characterize[d]" the holding of the Supreme Court of Ohio in Struthers v. Sokol
(1923), 108 Ohio St. 263, in the municipal court's application of this decision to the facts of the instant case. In its order dated October 21, 2003 that denied Mr. Meyer's second motion, the municipal court stated:
"[Mr. Meyer] argues that the definition of `dangerous dog' under the Summit County Ordinance is more expansive than the Revised Code definition. [Mr. Meyer] also argues that the deletion of the phrase `off the premises of the owner' and the absence of the phrases `reasonable control' and `physical restraint' also cause a conflict.
"While [Mr. Meyer] correctly cites Struthers v. Sokol (1923),108 Ohio St. 263 as its authority, that case does not hold that a local regulation cannot vary from a state law.
"* * * The State Code, while silent on these issues, does not conflict with the county ordinance." (Emphasis added.)
 {¶ 11} Municipalities in Ohio are authorized to adopt local police, sanitary, and other similar regulations by virtue of the Home Rule Amendment to the Ohio Constitution, Section 3, ArticleXVIII Ohio Constitution, and are not subject to limitations of the General Assembly, except that the ordinances cannot be in conflict with general laws of Ohio. Struthers, 108 Ohio St. at paragraph one of the syllabus; Akron Cellular Tel. Co. v. HudsonVillage (1996), 115 Ohio App.3d 93, 98. This principle applies equally to county government.[1] An ordinance is in conflict with general laws if it "permits or licenses that which the statute forbids and prohibits, and vice versa." FondessyEnterprises, Inc. v. Oregon (1986), 23 Ohio St.3d 213, 217, citing Struthers, 108 Ohio St. at paragraph two of the syllabus. However, "[a] police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law * * *." Akron CellularTel. Co., 115 Ohio App.3d at 99, citing Struthers,
108 Ohio St. at paragraph three of the syllabus.
 {¶ 12} Upon a review of R.C. 955.22 and Summit Codified Ordinances 505.21 and 505.22, we find that the trial court properly determined that the ordinance and statute portions that Mr. Meyer referenced in his second motion are not in conflict with each other. Rather, the ordinance provisions are merely silent on issues that are addressed in the statutes, and vice versa. Therefore, we find that the trial court did not improperly construe and apply the Supreme Court's decision in Struthers to the instant case. Thus, Mr. Meyer's argument in support of his challenge to the municipal court's denial of his second motion lacks merit.
 {¶ 13} With respect to Mr. Meyer's challenge to the municipal court's denial of his first motion, Mr. Meyer argues that the municipal court was required to follow an order issued in October 2002 in a previous case involving Greta and Trudy, which found that Mr. Meyer did not receive sufficient legal notice that they were dangerous. However, we observe that Mr. Meyer has failed to cite any applicable legal authorities to support his contention that the court erred in denying his first motion, has failed to argue this assignment of error separately, and has failed to provide the court with the appropriate standard of review.
 {¶ 14} An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(6). Moreover, "[i]f an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673.
 {¶ 15} App.R. 16 provides in pertinent part the following:
"(A) Brief of the appellant. The appellant shall include in its brief * * * all of the following:
"* * *
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *" App.R. 16(A)(7).
See, also, Loc.R. 7(A)(6). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(6) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 16} Because Mr. Meyer's argument fails to comply with the foregoing appellate and local rule requirements, he has failed to meet his burden on appeal with respect to his first motion.
 {¶ 17} Accordingly, Mr. Meyer's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred to the detriment of the defendant/appellant, and abused it's [sic.] discretion in admitting irrelevant and extraneous evidence."
 {¶ 18} In his second assignment of error, Mr. Meyer contends that the municipal court erred and abused its discretion in admitting testimony from citizens, dog wardens, and police officers regarding prior incidents involving Greta and Trudy. Mr. Meyer argues that this testimony is not relevant to the issue of whether he had notice of Greta and Trudy's dangerousness.
 {¶ 19} Mr. Meyer essentially challenges the municipal court's denial of his motion in limine, which sought to exclude this testimony. A ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. Statev. Grubb (1986), 28 Ohio St.3d 199, 201-02. Since a ruling on a motion in limine is only preliminary, an objection to such evidence must be raised once the evidentiary issue is presented during trial in order to properly preserve the question for appeal. State v. Maurer (1984), 15 Ohio St.3d 239, 259-60. We do not find that Mr. Meyer's counsel made such a pertinent objection as the testimony was actually presented at trial. As such, Mr. Meyer has failed to preserve this question for appeal.
 {¶ 20} Mr. Meyer also argues that the principle of res judicata applies to bar the adjudication of the issue of Greta and Trudy's dangerousness, asserting that the municipal court had already litigated this issue in a previous case. However, Mr. Meyer did not make this argument to the municipal court. "Issues not raised and tried in the trial court cannot be raised for the first time on appeal." Holman v. Grandview Hosp. Med. Ctr.
(1987), 37 Ohio App.3d 151, 157. See, also, Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207, 210. Because Mr. Meyer has not preserved this argument for appeal, we will not address it.
 {¶ 21} Mr. Meyer's second assignment of error is overruled.
 C. Third Assignment of Error
"The trial court erred to the detriment of the defendant/appellant by failing to provide findings of fact and conclusions of law, as requested by appellant."
 {¶ 22} In his third assignment of error, Mr. Meyer contends that the trial court erred by failing to provide requested findings of fact and conclusions of law. We observe that Mr. Meyer has failed to meet his burden of demonstrating this alleged error on appeal, for the reasons that follow.
 {¶ 23} An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle, supra; Frecska, supra. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(6). Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone, supra.
 {¶ 24} In this case, Mr. Meyer has failed to set forth the appropriate standard of review. See Loc.R. 7(A)(6). Additionally, Mr. Meyer has failed to provide citations to applicable authorities. See App.R. 16(A)(7); Loc.R. 7(A)(6). Finally, Mr. Meyer has failed to include any pertinent references to the record in support of this assignment of error. Loc.R. 7(E) provides that "[r]eferences to the pertinent parts of the record shall be included in the * * * argument section of the brief. If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument." When an appeal comes before this Court for review, "[i]t is not the function of this [C]ourt to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60.
 {¶ 25} For all of the foregoing reasons, Mr. Meyer has failed to meet his burden on appeal, and therefore, we may disregard his third assignment of error. See Loc.R. 7(E); Smith v. Akron Dept.Public Health, 9th Dist. No. 21103, 2003-Ohio-93. Accordingly, Mr. Meyer's third assignment of error is overruled.
 III. {¶ 26} Mr. Meyer's first, second, and third assignments of error are overruled. Mr. Meyer's convictions in the Akron Municipal Court are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Boyle, J., concur.
[1] Article X, Section 3 of the Ohio Constitution provides, in pertinent part, that "[a]ny [county] charter may provide for the concurrent or exclusive exercise by the county, in all or in part of its area, of all or of any designated powers vested by the constitution or laws of Ohio in municipalities[.]" Summit County has adopted a charter and has the same authority to enact laws as the Ohio Constitution grants to a municipality.