[Cite as *Argenziano v. Argenziano*, 2012-Ohio-1447.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

BRANDY A. ARGENZIANO                    C.A. No.        10CA0116-M

    Appellee

    v.                                      APPEAL FROM JUDGMENT
                                 ENTERED IN THE
FRANK A. ARGENZIANO                      COURT OF COMMON PLEAS
                                    COUNTY OF MEDINA, OHIO
    Appellant                                CASE No.      08CR0359

DECISION AND JOURNAL ENTRY

Dated: April 2, 2012

CARR, Judge.

{¶1}    Appellant, Frank Argenziano ("Husband"), appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which overruled his objections and adopted the magistrate's decision.  This Court affirms.

I.

{¶2}    Appellee, Brandy Argenziano ("Wife"), filed a complaint for divorce from Husband.  The couple had two minor children born of the marriage.  The matter was heard by a magistrate who issued a decision on September 24, 2010, regarding the termination of the parties' marriage with children.  On the same day, the domestic relations court issued a final decree of divorce with children.  On October 8, 2010, Husband filed timely objections to the magistrate's decision in which he objected to 26 specific findings of fact and another six specific "Conclusions of Law/Findings of Fact."  Husband requested an oral hearing on his objections and requested that he be permitted to supplement his objections after preparation of a transcript

of the hearing before the magistrate. Husband did not file a praecipe with the court reporter for preparation of the transcript contemporaneously with the filing of his objections.

{¶3} On October 20, 2010, the trial court issued a judgment entry overruling Husband's objections and adopting the magistrate's findings of facts because Husband had failed to file a transcript in support of his objections. The trial court further noted that Husband had not filed a praecipe to the court reporter requesting preparation of a transcript of the proceedings or deposited a payment of costs with the court reporter to secure a transcript. Husband appealed, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND VIOLATED DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS BY (1) HOLDING A NON-ORAL HEARING ON HIS TIMELY-FILED WRITTEN OBJECTIONS TO THE MAGISTRATE'S DECISION WITHIN DAYS OF ITS FILING, WITHOUT PROVIDING NOTICE OF THAT HEARING, AND (2) DISMISSING THOSE WRITTEN OBJECTIONS WELL BEFORE EXPIRATION OF THE 30-DAY DEADLINE UNDER CIV.R. 53(D)(3) FOR FILING THE HEARING TRANSCRIPTS, ON THE GROUNDS THAT DEFENDANT-APPELLANT DID NOT FILE A PRAECIPE TO THE COURT REPORTER AND PAY A DEPOSIT OF COSTS TO THE COURT REPORTER TO SECURE THE REQUIRED TRANSCRIPTS, WHERE THERE IS NO LOCAL RULE OR OTHER LEGAL REQUIREMENT THAT SUCH A PRAECIPE BE FILED AND COSTS OF THE TRANSCRIPTS BE PAID IN ADVANCE."

{¶4} Husband argues that the trial court erred by adopting the magistrate's findings of fact and overruling his objections to the magistrate's decision after a non-oral hearing based on his failure to file a praecipe or pay costs to the court reporter to secure the preparation of a transcript in support of his objections. This Court disagrees.

{¶5} Husband acknowledges that, pursuant to Civ.R. 53(D)(3)(b)(iii), he was required to support his objections, all of which were premised on the magistrate's factual findings, by a

transcript of the evidence submitted to the magistrate. He does not dispute that he failed to file, contemporaneously with his objections, a praecipe with the court reporter requesting preparation of a transcript of the proceedings. Instead, he further relies on Civ.R. 53(D)(3)(b)(iii) which provides that the objecting party must file a transcript within thirty days after filing his objections. Husband argues that the domestic relations court erred by ruling on his objections a mere twelve days after he filed his objections, prior to the expiration of the thirty-day window in which he could file a transcript. Significantly, he argues that "no duly adopted and published Local Rule of Court" exists which requires the contemporaneous filing of a praecipe and payment of a deposit, the noncompliance with which would authorize the trial court's denial or dismissal of his objections. Husband is incorrect.

{¶6} Loc. R. 1.07, in effect at the time Husband filed his objections, addresses the preparation of transcripts of proceedings before a magistrate and states, in relevant part:

A. If a transcript is required, a praecipe to the Court Reporter requesting a transcript of the proceedings must be delivered to and acknowledged by the Court Reporter at the time of the filing of the Objection or Motion to Set Aside. Failure to timely file the praecipe may result in the denial or dismissal of an Objection or Motion to Set Aside.

B. A deposit of costs to secure the transcript must be paid to the Court Reporter within 7 days of the filing of the Objection or Motion to Set Aside. If the deposit for the costs of a transcript is not made within 14 days of the filing of the Objection or Motion to Set Aside, the Objection or Motion may be denied or dismissed.

{¶7} By failing to recognize the existence of the local rule which formed the basis for the trial court's denial of Husband's objections, Husband has failed to make any argument regarding the propriety or application of the rule. This Court has long recognized that "[a]n appellant bears the burden of affirmatively demonstrating the error

on appeal, and substantiating his or her arguments in support." *Akron v. Meyer*, 9th Dist. No. 21882, 2004-Ohio-4457, ¶ 14, citing App.R. 16(A)(7).

{¶8} Husband further argues that the domestic relations court's ruling on his objections after a non-oral hearing violated his right to due process. He argues that the trial court violated the requirements of notice and the opportunity to be heard at an oral hearing subsumed in Civ.R. 6(D). This Court disagrees.

{¶9} Civ.R. 6(D) addresses motions and provides, in relevant part, that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing * * *." Husband did not have a written motion pending before the domestic relations court. Rather, he had filed a notice of objections to the magistrate's decision. Civ.R. 6(D) does not address objections and does not impute a notice and hearing requirement in regard to objections. Moreover, Husband cites no legal authority in support of his argument that a trial court may not rule on objections to a magistrate's decision in the absence of an oral hearing on the matter.

{¶10} In further support of his argument, Husband cites *Shell v. Shell*, 5th Dist. No. 2010 CA 00026, 2010-Ohio-5813, at ¶ 24, in which the appellate court held that the domestic relations court committed reversible error when it dismissed the wife's contempt motion as unripe without allowing a hearing. The *Shell* court did not rely on Civ.R. 6(D) and Husband does not explain how the holding in *Shell* is applicable to the instant matter. *Shell* cites generally to *Matthews v. Eldridge*, 424 U.S. 319 (1976), a case which held that due process does not require an evidentiary hearing prior to the termination of social security disability benefits. While recognizing that due process requires that an individual receive some form of hearing prior to the deprivation of a property interest, *id.* at 333, the *Matthews* court did not enunciate a

requirement for an oral hearing under all circumstances and, significantly, did not address the notion of due process with respect to a trial court's ruling on objections to a magistrate's decision. Husband received notice and an opportunity to be heard at the hearing before the magistrate regarding the complaint for divorce. Accordingly, he was properly accorded due process prior to any potential deprivation of his property interests. He does not cite any authority for the proposition that he is entitled to any further hearing merely because he filed objections to the magistrate's decision. While Civ.R. 53(D)(4)(b) allows a trial court to take additional evidence or itself hear a matter previously referred to the magistrate, it does not mandate such hearings. Accordingly, Husband has not demonstrated that the domestic relations court violated his due process rights when it overruled his objections after a non-oral hearing.

{¶11} Husband's assignment of error is overruled.

III.

{¶12} Husband's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

BRUCE E. HALL, Attorney at Law, for Appellant.

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

KRISTOPHER K. AUPPERLE, Attorney at Law, for Appellee.