[Cite as *Ramoso v. Ramoso*, 2014-Ohio-281.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ANTHONY RAMOSO

    Appellee

    v.

ROSEMARY RAMOSO

    Appellant

C.A. No.     26948

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2011-06-1882

DECISION AND JOURNAL ENTRY

Dated: January 29, 2014

WHITMORE, Judge.

{¶1} Defendant-Appellant, Rosemary Ramoso aka Rosemary Chickos ("Wife"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I

{¶2} Wife and Plaintiff-Appellee, Anthony Ramoso ("Husband"), were married in September 2000. In June 2011, Husband filed a complaint for divorce without children. Wife answered the complaint and filed a counterclaim for divorce. A trial was held before a magistrate over the course of several days and, on March 4, 2013, the magistrate issued a lengthy decision. The trial court entered judgment on the magistrate's decision the same day.

{¶3} On March 18, 2013, Wife filed her objections to the magistrate's decision. Subsequently, on March 27, 2013, Wife filed a praecipe to the court reporter, requesting a transcript of the trial. Husband filed a response, asking the court to dismiss Wife's objections

because she had failed to file a praecipe with the court reporter at the time she filed her objections, pursuant to Summit County Court of Common Pleas, Domestic Relations Court, Local Rule 27.04(C). The trial court, relying upon Local Rule 27.04, dismissed Wife's objections because she had failed to pay a deposit of costs to secure a transcript of the proceedings.

{¶4} Wife now appeals from the trial court's judgment and raises a single assignment of error for our review.

## II

### Assignment of Error

THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S OBJECTION WITHOUT NOTICE OR HEARING WITH A SUA SPONTE RULING THAT DENIED APPELLANT DUE PROCESS.

{¶5} In her sole assignment of error, Wife argues that her due process rights were offended when the trial court dismissed her objections without notice or a hearing. We disagree.

{¶6} An objection to the factual finding of a magistrate, "whether or not specifically designated as a finding of fact * * *, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding." Civ.R. 53(D)(3)(b)(iii). "The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 8. Local Rule 27.04 provides, in relevant part:

(B) All objections shall be specific and state the grounds of objection with particularity. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.

(C) If a transcript is required, a praecipe to the court reporter requesting a transcript of the proceedings must be delivered to and acknowledged by the court reporter for the assigned judge and filed with the Clerk of Courts at the time of

filing the objection * * *. If a praecipe to the court reporter is not filed at the time of filing the objection, and the objection is to any fact found by the magistrate, the objection may be overruled.

(D) A deposit of costs to secure the transcript must be paid to the assigned court reporter within 14 days of the filing of the objection and praecipe to court reporter. If the deposit for the costs of a transcript is not made within 14 days of the filing of the objection and the praecipe to court reporter, the objection may be overruled.

Wife does not challenge the propriety of Loc.R. 27.04 or dispute that she failed to comply with the rule. *See* App.R. 16(A)(7). Instead, she argues that a court must give notice and hold a hearing prior to a dismissal under the foregoing rule.

{¶7} This Court previously has rejected the same argument that Wife now asserts. In *Argenziano v. Argenziano*, 9th Dist. Medina No. 10CA0116-M, 2012-Ohio-1447, we rejected the argument that an appellant's due process rights had been offended when the trial court overruled his Civ.R. 53 objections without first affording him notice and holding a hearing. *Argenziano* at ¶ 8-11. There, we held that the Civil Rules do not "impute a notice and hearing requirement in regard to objections [to a magistrate's decision]." *Id.* at ¶ 9. We further held that, because the appellant had "received notice and an opportunity to be heard at the hearing before the magistrate regarding the complaint for divorce * * *, he was properly accorded due process prior to any potential deprivation of his property interests." *Id.* at ¶ 10. We rejected the appellant's argument, which was not supported by any authority, that his due process rights were violated when the domestic relations court reviewed the record and overruled his objections without a hearing. *Id.*

{¶8} Much like the appellant in *Argenziano*, Wife "cites no legal authority in support of [her] argument that a trial court may not rule on objections to a magistrate's decision in the absence of an oral hearing on the matter." *Id.* at ¶ 9. Moreover, Wife makes no claim that she

did, in fact, comply with the lower court's local rule regarding the filing of a praecipe and a deposit of costs to secure a transcript. Having reviewed the record, we must conclude that Wife has failed to show that the trial court erred when it disposed of her objections. *Id.* at ¶ 8-10. Wife's sole assignment of error is overruled.

### III

**{¶9}** Wife's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

W. LOVE II, Attorney, at Law, for Appellant.

JAMES M. CAMPBELL and JULIET K. FALCONE, Attorneys at Law, for Appellee.