[Cite as *JPMorgan Chase Bank v. Liggins*, 2016-Ohio-3528.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

JPMorgan Chase Bank, N.A., :

      Plaintiff-Appellee, :

                                   No. 15AP-242

v. : (C.P.C. No. 13CV-12908)

Ella N. Liggins, et al., : (REGULAR CALENDAR)

      Defendants-Appellants. :

---

D E C I S I O N

Rendered on June 21, 2016

---

**On brief:** *Bricker & Eckler, LLP, Anne Marie Sferra*, and *Justin W. Ristau*, for appellee. **Argued:** *Anne Marie Sferra.*

**On brief:** *Ella N. Liggins*, pro se. **Argued:** *Ella N. Liggins.*

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Ella N. Liggins, appeals a judgment entry and decree in foreclosure issued by the Franklin County Court of Common Pleas on March 10, 2015, based on a decision issued by a magistrate of that court following a bench trial. Because Liggins did not comply with Civ.R. 53, we are unable to rely on her affidavit or the transcript and are obliged by law to accept the factual findings of the trial court. Having accepted and being bound by the factual findings of the trial court, we are unable to sustain Liggins' assignments of error. We, therefore, overrule Liggins' seven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 26, 2013, JPMorgan Chase Bank, N.A., ("JPMorgan Chase") filed a complaint in foreclosure based on allegations that it was entitled to enforce a note signed by Liggins for which payment was secured by a mortgage on Liggins' home. After

No. 15AP-242

disposing of a counterclaim asserted in Liggins' answer, on November 19, 2014, the trial court referred the matter to a magistrate for a bench trial.

{¶ 3} The magistrate held a trial on December 17, 2014. The magistrate summarized the evidence presented at the trial and made factual findings as follows:

> The trial was held on December 17, 2014. Plaintiff presented testimony of Frank Dean. In her case, Ms. Liggins testified. The evidence was as follows.
>
> Mr. Dean testified that he is employed by Plaintiff as a Home Loan Research Officer and is familiar with Plaintiff's recordkeeping system and the records relating to this case. He testified that Plaintiff has access to the originals of the loan documents offered as exhibits.
>
> Mr. Dean identified as Exhibit A the Note dated April 30, 2003 executed by Ms. Liggins. The original amount of the Note is $134,934.00, with fixed interest at the rate of 6.375%. The Note was endorsed by the original lender, Strategic Mortgage Company, to RBMG, Inc. (Ex. A, p. 2). The Note was then endorsed in blank by RBMG, Inc. (*Id.*). Mr. Dean testified that the Note is bearer paper, and Plaintiff is the holder of the original Note.
>
> Mr. Dean identified as Exhibit B the Mortgage securing the Note. The Mortgage is dated April 30, 2003 and executed by Ms. Liggins. (Ex. B, p. 6). The Mortgage encumbers real property at 683 S. Kellner Road, Columbus Ohio. Plaintiff is in possession of the original Mortgage. Mr. Dean identified the following assignments of the Mortgage, from the original lender, Strategic Mortgage Company, to RBMG, Inc. (Ex. C), from RBMG, Inc. to Mortgage Electronic Registration Systems, Inc. (Ex. D), and from Mortgage Electronic Registration Systems, Inc. to Plaintiff. (Ex. E).
>
> Mr. Dean identified as Exhibit F the notice of breach and acceleration letter sent to Ms. Liggins. The letter, dated April 28, 2010, notifies Ms. Liggins that she is in default because of failure to make monthly payments commencing with the payment due March 1, 2010. (Ex. F, p. 2). The letter states that if the default is not cured, the loan will be accelerated. (*Id.*). Mr. Dean testified that the default was not cured, and the loan was accelerated.
>
> Mr. Dean identified as Exhibit G a letter to Ms. Liggins dated October 22, 2013, notifying her that a representative from JM Adjustment Services would be visiting within 20 days for a

No. 15AP-242

face-to-face meeting to discuss payment assistance options for the loan. Mr. Dean testified that, as reflected in Ex. G, p. 5-7, this letter was sent by certified mail. The tracking information indicates that the letter was unclaimed. (*Id.*, p. 5).

Mr. Dean identified as Exhibit H Plaintiff's system notes regarding this loan account. He testified that the notes reflect that on October 26 and October 30, 2013, Plaintiff's agent went to the property for a face-to-face meeting with Ms. Liggins; the notes reflect that on October 30, 2013, the agent made contact with Ms. Liggins and she declined to participate in the meeting.

Mr. Dean identified as Exhibit I a letter to Ms. Liggins dated May 3, 2010 addressing her request for a loan modification and informing her that she did not qualify for a modification through the Making Home Affordable program or other programs.

Mr. Dean identified as Exhibit J screen prints from Plaintiff's business records system confirming that the above letters were sent to Ms. Liggins.

Mr. Dean identified as Exhibit K the payment history for the loan. The payment history shows that no payments have been made since February 1, 2010. The principal balance is $122,268.73, plus interest at 6.375%. The history also shows that advances were made to cover expenses such as taxes, insurance, and property preservation costs.

During cross examination, Mr. Dean was asked about the fact that the date on the signature on the Mortgage is different from the date in the notary provision. (Ex. B, p. 5-6).

In her case, Ms. Liggins testified that she received a letter regarding the loan dated November 7, 2013. (Ex. 1). She stated that she then sent a certified mail letter stating that she disputed the debt and requesting information. (Ex. 1a).

Ms. Liggins testified that she requested a loan modification, completed the necessary documents, and sent them to Plaintiff. She stated that Plaintiff s representatives would not meet with her or provide answers to her questions. She stated that she could not get information regarding the payment amounts and dates.

Ms. Liggins testified that when the person from JM Adjustment came to her property, she did not believe the

No. 15AP-242

> person represented Plaintiff because the person could not answer her questions.
>
> Ms. Liggins further testified that she did not sign the loan documents at closing. She stated that she did not receive the notice of breach and acceleration letter.

(Jan. 30, 2015 Mag. Decision at 1-4.) Following this recitation, the magistrate concluded, "The Magistrate finds the testimony of Mr. Dean credible and finds that Mr. Dean had sufficient familiarity with the records of this loan to authenticate them as Plaintiff's business records." (*Id.* at 4.)

{¶ 4} Based on this factual record, the magistrate decided against Liggins and concluded that, "the Mortgage is a valid lien on the real estate described therein," that JPMorgan Chase was entitled to a judgment against Liggins for "$122,268.73, plus interest at 6.375% from February 1, 2010, court costs, and advances," and that the mortgage should be foreclosed and the real property ordered sold to satisfy the judgment. (*Id.* at 6.)

{¶ 5} On February 6, 2015, Liggins filed objections to the magistrate's decision and supplemented those objections on February 17, 2015 with her own affidavit and a United States Postal Service ("USPS") tracking report. On February 19, 2015, JPMorgan Chase responded in opposition to Liggins' objections. Liggins filed a motion for new trial on February 27, 2015 and again attached an affidavit as well as additional USPS documents.

{¶ 6} On March 10, 2015, the trial court overruled Liggins' objections, denied her motion for new trial, and adopted the magistrate's decision as its own. Liggins, having failed to provide the trial court with a transcript of the December 17, 2014 trial, caused the court to be limited in considering her objections to the findings of fact reached by the magistrate. The trial court issued a judgment entry and decree in foreclosure the same day as it entered its decision into the record.

{¶ 7} On April 2, 2015, Liggins timely filed a notice of appeal. Not until April 2, 2015, did Liggins request a transcript and not until May 12, 2015, after the trial court entered judgment overruling her objections and after Liggins filed her notice of appeal, was a transcript of the December 17, 2014 trial filed with the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 8}    Liggins asserts seven assignments of error:

1. The court erred by adopting the Magistrate's January 30, 2015 decision without considering an evidentiary hearing to determine the merits of defendant-appellants Civ. R. 53 objections. The presiding judge had very little knowledge of this action because previous rulings in this action were adjudicated by visiting judges.

2. The court erred when it failed to accept the affidavit the defendant-appellant provided the court in her Civ. R. 53 and 59 motions. Thereby violating Liggins right to give evidence under the Civil Rights Act of 1866.

3. The court erred by denying defendant-appellants Civ. R. 59 motion for a new trial or to amend the Magistrate's January 30, 2015 decision.

4. The court erred when it did not accept the testimony, documents and affidavits of the defendant-appellant with equal weight as those presented by the plaintiff-appellee, which violated defendant-appellants right to a unbiased trial and Due Process under the Civil Rights Act of 1866 and the U.S. Constitution.

5. The court erred in [failing] to conduct an independent review to determine whether the magistrate determined the factual issues and applied the appropriate law.

6. The court erred in accepting documents from the plaintiff-appellee that do not conform to ORC 5301: Acknowledgment of Deed, Mortgage, Land Contract, Lease or Memorandum of Trust, ORC 147: Notaries Public and Commissioners, ORC 44: Proof of Official Record, 46 CFR 67.237 – Requirements for assignments of mortgages, 24 CFR §201.50 Acceleration and Notification, and 24 CFR 203.502 – Responsibility for Servicing.

7. The court erred by admitting inadmissible hearsay evidence which prejudiced Liggins Due Process rights under the Fourteenth Amendment of the United States Constitution and the Civil Rights Act of 1866, Section 2 of the 13th Amendment to the United States Constitution.

For a cogent review of Liggins' assignments of error, we address them out of order.

No. 15AP-242

## III. DISCUSSION

{¶ 9}  Because it affects all of Liggins' assignments of error, we first address the extent of the record we are permitted to review on appeal.  Ohio Rule of Civil Procedure 53 establishes the procedure for providing the trial court (and thereby the appeals court) with the so-called tools it must have to fairly consider an objection to a magistrate's decision.

> (iii) *Objection to magistrate's factual finding; transcript or affidavit.*  An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(Emphasis deleted and added.) Civ.R. 53(D)(3)(b)(iii).

{¶ 10} In this case, Liggins submitted an affidavit with her objections making a number of factual assertions, but she did not obtain a transcript to substantiate her objections.  The record does not show that Liggins argued or asserted prior to the trial court's ruling on her objections that the transcript was "not available" as is required by Civ. R. 53(D)(3)(b)(iii) which would have permitted an affidavit to be used rather than a transcript to substantiate her objections.  We have previously recognized that a transcript can properly be considered "not available" for Civ.R. 53 purposes where a litigant is indigent and consequently unable to obtain a transcript. *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 09AP-1019, 2010-Ohio-2977, ¶ 8-17.  However, in a case where (as here) a litigant offered no explanation on the record for failing to obtain a transcript, we have stated that:

> [a] transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision.

No. 15AP-242

*Gladden v. Grafton Corr. Inst.*, 10th Dist. No. 05AP-567, 2005-Ohio-6476, ¶ 7. Thus, Liggins' affidavit could not substantiate her objections as is required, and the trial court was not permitted by rule to have considered them. Nor can we. "Except for a claim of plain error, a party *shall not assign as error on appeal the court's adoption of any factual finding* or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), *unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)*." (Emphasis added.) Civ.R. 53(D)(3)(b)(iv).

{¶ 11} Liggins could have but did not seek an extension in which to obtain the transcript before filing her objections or to request a delay of the court's ruling until the transcript could be secured. If a litigant shows "good cause * * *, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision." Civ.R. 53(D)(5); one such "good cause" is a delay in receiving a transcript. *See Savioli v. Savioli*, 99 Ohio App.3d 69, 71-72 (8th Dist. 1994) (finding an abuse of discretion in denying an extension to file objections based on delay in receiving a transcript and remarking, "motions for extensions of time should be freely granted where the need for an extension is occasioned by the official court reporter's delay in preparing the transcript"). Despite the availability of this relief, Liggins chose to timely file objections in February 2015 without a transcript to support them. Not until April 2015, nearly two months after her objections were filed and almost one month after the trial court overruled Liggins' objections, did she seek to have a transcript prepared. Not until May 12, 2015, over a month after this appeal was filed, was the transcript filed with the trial court.

{¶ 12} Civ.R. 53(D)(3)(b)(iv) obliges us to overrule assignments of error challenging a factual finding where the entirety of Civ.R. 53(D)(3)(b) has not been complied with, and this includes the filing of a transcript or the submission of an affidavit where a transcript is unavailable under circumstances prescribed by and pursuant to Civ.R. 53(D)(3)(b)(iii).

{¶ 13} Even in the absence of this rule, common law precludes our consideration of the too-late-filed-transcript, because this evidence was not available to the trial court in reaching the decision appealed. In such contexts, we have explained:

No. 15AP-242

> Appellate review is limited to the record as it existed at the time the trial court rendered its judgment. *Fifth Third Bank v. Financial S. Office Partners, Ltd.*, 2d Dist. No. 23762, 2010-Ohio-5638; *Cunningham v. Cunningham*, 5th Dist. No. 09-CA-25, 2010-Ohio-1397, ¶ 65; *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 15. *See also UAP-Columbus JV326132 v. Young*, 10th Dist. No. 09AP-646, 2010 Ohio 485, ¶ 32 ("Our review of summary judgment is limited solely to the evidence that was before the trial court at the time of its decision."). " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13, 818 N.E.2d 1157 (quoting *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus). Likewise, "a reviewing court cannot consider evidence that a party added to the trial court record after that court's judgment, and then decide an appeal from the judgment based on the new evidence." *Paasewe* at ¶ 15. *See also Wallace v. Mantych Metalworking*, 189 Ohio App.3d 25, 2010-Ohio-3765, ¶ 10-11, 937 N.E.2d 177 (refusing to consider a deposition filed with the trial court after the court rendered the judgment being appealed); *Waterford Tower Condominium Assn. v. TransAmerica Real Estate Group*, 10th Dist. No. 05AP-593, 2006 Ohio 508, ¶ 13 (refusing to consider evidence adduced to support a motion for reconsideration when reviewing the underlying judgment).

*Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13.

{¶ 14} Further, we have previously addressed essentially the exact circumstance presented here, where a transcript is not supplied to the trial court for the purpose of considering objections to a magistrate's factual findings, but is prepared and filed after the objections are overruled. In that case we explained:

> [A] transcript of the proceedings before the magistrate is part of the record on appeal; however, the transcript was not before the trial court when it adopted the magistrate's decision. "Appellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Franks v. Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73, citing *Wiltz* * * *, ¶ 13; *Wallace* * * *, ¶ 10 * * *. " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Id.*, quoting * * * *Ishmail*, * * * paragraph one of the syllabus. Therefore, we will not consider the transcript in ruling on

No. 15AP-242

> appellant's assignments of error. " ' "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." ' " *Black v. Columbus Sports Network, LLC*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 39, quoting *Estate of Stepien v. Robinson*, 11th Dist. No. 2013-L-001, 2013-Ohio-4306, ¶ 29, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

*Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 14. We are therefore bound by the findings of fact of the magistrate that were adopted by the trial court and cannot consider either Liggins' affidavit or the transcript.[1] Accordingly, we are permitted to examine only the legal conclusions drawn from such facts.

## A. Second, Fourth, and Fifth Assignments of Error—Factual Issues

{¶ 15} With respect to the second, fourth, and fifth and assignments of error, Liggins argues the trial court should have independently de novo reviewed the magistrate's factual findings and credibility determinations. Because the trial court did not have the benefit of the transcript and because Liggins' affidavits were not properly submitted and could not be considered under Civ.R. 53, the trial court was not permitted to, nor can we, review the factual and credibility determinations of the magistrate.

{¶ 16} Accordingly, Liggins' second, fourth, and fifth assignments of error are overruled.

## B. Seventh Assignment of Error—Evidentiary Rulings at Trial

{¶ 17} In her seventh assignment of error, Liggins argues that the trial court should have rejected the magistrate's decision, because the magistrate improperly accepted and relied on hearsay documents and testimony. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in

---

[1] "Absent an objecting party's compliance with Civ.R. 53(D)(3)(b)(iii), the trial court must accept the magistrate's factual findings and may only examine the legal conclusions drawn from those facts." *Gill* at ¶ 13, citing *Farmers Mkt. Drive-In Shopping Ctrs., Inc. v. Magana*, 10th Dist. No. 06AP-532, 2007-Ohio-2653, ¶ 27-28; *Forth v. Gerth*, 10th Dist. No. 05AP-576, 2005-Ohio-6619, ¶ 9; *In re Estate of Haas*, 10th Dist. No. 07AP-512, 2007-Ohio-7011, ¶ 23; *Wade v. Wade*, 113 Ohio App.3d 414, 418 (11th Dist.1996). The same is true of this court's review on appeal. *Reitter Stucco, Inc. v. Ducharme*, 10th Dist. No. 15AP-404, 2015-Ohio-4193, ¶ 7, 13.

evidence to prove the truth of the matter asserted" and is generally a forbidden form of evidence. Evid.R. 801(C); Evid.R. 802.

{¶ 18} We have predominantly reviewed hearsay decisions for abuse of discretion. *See, e.g.*, *Pontius v. Riverside Radiology & Interventional Assocs.*, 10th Dist. No. 15AP-906, 2016-Ohio-1515, ¶ 15; *Thomas v. Columbia Sussex Corp.*, 10th Dist. No. 10AP-93, 2011-Ohio-17, ¶ 17-18. A number of appellate districts, however, have taken the view that hearsay determinations involve questions of law, which are to be reviewed de novo. *See, e.g.*, *Neff Sand & Gravel, Inc. v. Great Lakes Crushing, Ltd.*, 11th Dist. No. 2012-L-145, 2014-Ohio-2875, ¶ 23; *State v. Bates*, 6th Dist. No. WM-12-002, 2013-Ohio-1270, ¶ 41; *State v. Lusher*, 4th Dist. No. 11CA1, 2012-Ohio-5526, ¶ 49; *Volpe v. Heather Knoll Retirement Village*, 9th Dist. No. 26215, 2012-Ohio-5404, ¶ 13; *State v. Lumbus*, 8th Dist. No. 87767, 2007-Ohio-74, ¶ 22. Hearsay decisions often require implicit determinations about facts (such as preliminary determinations of who said what in what circumstances) with the result that questions about whether to admit hearsay often are hybrid questions of fact and law. As such, they are based upon the fact-judging abilities of the trial court and are reviewed for abuse of discretion. *Pontius* at ¶ 15; *Thomas* at ¶ 17-18. Yet there is also a law question element to such determinations, and we have frequently noted "that no court has the authority, within its discretion, to commit an error of law." *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7, citing *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70. In *Pontius*, for example, the trial court's abject failure to analyze the applicable hearsay exception in deciding to exclude testimony, constituted an error of law and, thus, an abuse of discretion. *Id.* at ¶ 23-24.

{¶ 19} In this case (because of Liggins' failure to comply with Civ.R. 53) both the trial and appellate courts must accept the facts as determined by the magistrate. Thus, the remaining questions here are whether those established facts show the testimony accepted to be hearsay and whether, if it is hearsay, it nonetheless falls within an exception to the hearsay prohibition. Therefore, at least in this case, the hearsay issues presented appear to be questions of law.

{¶ 20} Though hearsay is generally prohibited, one of several exceptions to the hearsay prohibition is business records, specifically:

> **Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any

> form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

(Emphasis sic.) Evid.R. 803(6); *see also* Evid.R. 803(7) (providing an exception for the absence of an entry in such records to prove the non-occurrence or nonexistence of a matter).

{¶ 21} In this case the magistrate recounted that, "Mr. Dean testified that he is employed by Plaintiff as a Home Loan Research Officer and is familiar with Plaintiff's recordkeeping system and the records relating to this case. He testified that Plaintiff has access to the originals of the loan documents offered as exhibits." (Jan. 30, 2015 Mag. Decision at 1-2.) Then, "[t]he Magistrate [found] the testimony of Mr. Dean credible and [found] that Mr. Dean had sufficient familiarity with the records of this loan to authenticate them as Plaintiff's business records." (*Id* at 4.)

{¶ 22} To the extent that de novo review of the legal determination here is possible, based on the somewhat sparse facts available on appeal, it seems that the magistrate found Dean's testimony to fall within a valid exception to the hearsay rule. Nonetheless, recognizing that the characterization of evidence may involve both discretionary and legal considerations, in order to consider this particular alleged error in a more than superficial way, we would have to discern the exact nature of the testimony offered, the documents presented, the objections raised, if any, and the rulings made during the trial. Since we cannot rely on either the transcript or Liggins' affidavit for that information, we are unable to fully assess the merits of this assignment of error and must presume the regularity of the trial court's proceedings. *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 35 ("a trial court's proceedings are presumed regular unless the record demonstrates otherwise").

{¶ 23} Liggins' seventh assignment of error is overruled.

No. 15AP-242

## C. First Assignment of Error—Whether the Trial Court Erred in Failing to Hold a Hearing on Liggins' Objections to the Magistrate's Decision

{¶ 24} Liggins argues that the trial court erred in failing to hold an evidentiary hearing on her objections to the magistrate's decision. Ohio Rule of Civil Procedure 53(D)(4)(d) permits a hearing but no rule specifically *requires* a hearing. *Argenziano v. Argenziano*, 9th Dist. No. 10CA0116-M, 2012-Ohio-1447, ¶ 10 ("While Civ.R. 53(D)(4)(b) allows a trial court to take additional evidence or itself hear a matter previously referred to the magistrate, it does not mandate such hearings."). It is true that on rare occasions, some courts have found error in the refusal of an objecting party's explicit request for a hearing where material evidence to be presented in the hearing did not become available until after the trial before the magistrate. *See, e.g.*, *Morrison v. Morrison*, 9th Dist. No. 27150, 2014-Ohio-2254, ¶ 25-29.

{¶ 25} However, this is not such a case. Liggins did not request a hearing on her objections or explain exactly what evidence she needed to present that had only become available after the trial before the magistrate. Although Liggins also filed a motion for a new trial alleging that new evidence had surfaced, her motion mostly discusses a document that was an exhibit in the trial before the magistrate. In addition, Civ.R. 59, prescribing procedures on a motion for new trial, does not require the trial court to hold a hearing.

{¶ 26} Liggins' first assignment of error is overruled.

## D. Third Assignment of Error—Whether the Trial Court Erred in Failing to Grant Liggins a New Trial

{¶ 27} Liggins sets forth the rule provisions regarding granting a new trial in her brief and notes that "[t]he court refused to consider any of these options." (Liggins Brief at 25.) The brief does not explain why that refusal might be considered erroneous. Appellate Rule 16(A)(7) requires that the brief include argument and reasons therefor to explain an appellant's assignment of error. Liggins' brief does not do this, and we have no further basis on which to review her assignment of error.

{¶ 28} Accordingly, Liggins' third assignment of error is overruled.

## E. Sixth Assignment of Error—Whether the Trial Court Erred in Enforcing the Note and Finding that the Mortgage was a Valid Lien

{¶ 29} The mortgage in this case shows a signature, which purports to be Liggins' signature, along with a corresponding date of April 30, 2003. On the following page is a

No. 15AP-242

notary stamp indicating that Liggins acknowledged having signed the document. However, the typewritten text of the document on the notary page indicates a date of April 25, 2003.

{¶ 30} Liggins argues that she "did not execute or acknowledge the mortgage before the notary public on April 30, 2003, during the closing." (Liggins Brief at 29.) She also asserts that "[s]he did not execute or acknowledge the mortgage and note before a notary public on April 25, 2003." (*Id.* at 30.) Liggins does not claim that she did not sign the note or mortgage or that she never obtained loan proceeds in order to purchase the home. As the magistrate found, "[t]here is no evidence of fraud here; rather, there is simply an unexplained discrepancy in dates between the two signatures." (Jan. 30, 2015 Mag. Decision at 5.) As discussed previously, because Liggins failed to comply with Civ.R. 53, neither the trial court nor we are able to review this factual conclusion on the evidence, since the evidence is more than the documents, themselves, but also the testimony at trial, which is not before us, absent a transcript.

{¶ 31} In cases such as this where documents are facially defective but there has been no other determination of fraud at a hearing on the matter, the Supreme Court of Ohio has explained that the documents remain enforceable against the parties to the transaction.

> In this case, the grantors signed the document outside the presence of both the witnesses and did not appear before the notary public who certified the acknowledgment. The acknowledgment required by the statute is for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it. It has been held that "a defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud. * * *" (Citations omitted.) *Citizens Natl. Bank v. Denison* (1956), 165 Ohio St. 89, 95, 59 O.O. 96, 99, 133 N.E. 2d 329, 332; *Naso v. Daniels* (1964), 8 Ohio App.2d 42, 48, 37 O.O. 2d 48, 52, 220 N.E. 2d 829, 833.

*Basil v. Vincello*, 50 Ohio St.3d 185, 188-89 (1990).

{¶ 32} Our decision is based on the state of the record before us. This matter went to trial, resulting in factual findings by the trier of fact, the magistrate, pursuant to Civ.R. 53. We and the trial court are bound by the procedures set forth in Civ.R. 53. In the absence of a record by which we can review Liggins' assignments of error, and in some

cases the absence of argument and reasons therefor, we cannot reach holdings consistent with her contentions. We are unable to review the factual findings of the magistrate because the record lacks the necessary tools to review his findings. That the mortgage was defectively notarized is not in and of itself evidence of fraud. *Basil.* In the absence of fraud the law is clear. The mortgage, though defectively executed, is valid when asserted against the grantor, Liggins. *Citizens Natl. Bank v. Denison*, 165 Ohio St. 89, (1956).

{¶ 33} Liggins' sixth assignment of error is overruled.

## IV. CONCLUSION

{¶ 34} Because Liggins did not provide a transcript as is required by Civ.R. 53, we can neither rely on her affidavit nor a late-submitted transcript that was not considered by the trial court in reviewing its decision. Further, we do not find merit in any of Liggins purely legal arguments, being obliged to accept the findings of fact from the trial court in analyzing the application of her arguments to what the trial court found to have factually occurred. Thus, we overrule Liggins' seven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____